Wood *et al. v.* Crane.

No. 7422.

WOOD ET AL. *v.* CRANE.

PRACTICE. — *Pleading.* — *Demurrer.* — *Denial.* — *Presumption.* — *Evidence.* — Where a demurrer is sustained to a paragraph of answer, under which no evidence is admissible nor relief attainable, of which the defendant could not have had the benefit under the general denial pleaded therewith, it will be presumed, on appeal, that he did have such benefit under such denial.

SAME. — *New Trial.* — *Bill of Exceptions.* — *Record.* — *Supreme Court.* — Affidavits in support of a motion for a new trial, copied into the transcript, but not made a part of the record, either by an order of the court or by a bill of exceptions, will not be considered by the Supreme Court.

From the Miami Circuit Court.

*J. L. Farrar, J. Farrar, H. Shirk, J. Mitchell* and *R. P. Effinger,* for appellants.

*J. M. Brown, L. Walker* and *C. M. Cole,* for appellee.

WOODS, J.—It is claimed that the circuit court erred in sustaining the demurrer to the fifth answer, and in overruling the motion of the appellants for a new trial.

The fifth paragraph of answer, which was duly verified, was to the effect that the several supposed promises and undertakings in the complaint mentioned, if any such were made, each and all were made by the defendants, not to the plaintiff, William B. Crane, but to William B. Crane and Calvin Crane, as partners, and that said Calvin is alive and a resident of the county. Wherefore, etc.

The fourth paragraph of the answer was a general denial, which put in issue the averment of the complaint, that the alleged promises and undertakings were made to the plaintiff. There was, therefore, no evidence admissible nor relief attainable under the plea in abatement, of which the appellants could not have had, and, it is to be presumed, did have, the benefit under the general denial. This was so at common law, as well as under the code. 1 Chitty's Pleadings, side page 13, and notes.

The motion for a new trial is based on the alleged misconduct of the plaintiff, and surprise of the defendants, in a number of specified particulars, and upon the alleged discovery of new evidence. In apparent support of the motion, certain affidavits have been copied into the transcript, and also counter affidavits on the same subject, but these affidavits are not made a part of the record, either by an order of the court or by a bill of exceptions, and are therefore not properly before us. *McDaniel* v. *Mattingly*, 72 Ind. 349; *Elbert* v. *Hoby*, 73 Ind. 111.

There is in the record sufficient evidence to sustain the verdict, and we are not able to say, on the proofs made, that the amount of the recovery is too great.

The judgment is affirmed, with costs.