No. 10,486.

## MADGETT v. FLEENOR ET AL.

PRINCIPAL AND SURETY.—*Land of Surety Sold on Execution and Purchased by Principal.*—A principal debtor who buys the lands of his surety upon execution issued against them jointly, merely pays his own debt, and in equity takes no title to the lands.

PRACTICE.—*Harmless Error.*—There is no available error in sustaining a demurrer to a good paragraph of complaint, if the same facts might be proved under another paragraph upon which there is issue and a trial.

From the Brown Circuit Court.

— *Durral, R. L. Coffey, T. W. Woollen* and *D. D. Banta,* for appellant.

*G. W. Cooper,* for appellees.

BICKNELL, C. C.—The complaint by the appellant against the appellees contains four paragraphs.

The first prays that the plaintiff's title to a certain quarter section of land may be quieted.

The other three paragraphs pray that a certain sale on execution of the plaintiff's said land to the defendants may be declared invalid, and that the certificate of purchase given by the sheriff may be cancelled. The difference between the second, third and fourth paragraphs is, that the second states in general terms that said land was not subject to levy and sale under said execution; while the second and third paragraphs state the facts particularly, showing that a certain judgment rendered against the plaintiff and the defendant Milton Fleenor, was against said Fleenor as principal and the plaintiff as surety, and was not to be levied of the plaintiff's property until after the exhaustion of said Fleenor's property, and that the sheriff, under an execution thereon, sold said land as the plaintiff's property to the defendant Joseph Fleenor, who bought it as the agent of and with the money of said Milton Fleenor, and took the certificate of purchase in his own name, and holds it for the benefit of said

Milton Fleenor, and that the two Fleenors "colluded" together in said purchase in order to defraud the plaintiff and compel him to pay said Milton Fleenor's debt. Demurrers to the first, third and fourth paragraphs were sustained by the court, and upon these rulings the errors are assigned.

The question presented by the third and fourth paragraphs is, can a principal, who refuses to pay his debt, and buys the surety's land at a sale under an execution against both, be permitted to hold the land as against the surety, and thus compel the surety to pay the debt which such principal ought to have paid.

As between the principal and the surety in such a case, the principal merely pays his debt to the amount of his bid, and equity requires that the surety shall hold the title to the land, unclouded by such a purchase.

In *VanHorne* v. *Everson*, 13 Barb. 526, VanHorne gave a bond conditioned for the payment of money. One Gross held a life-estate in certain land, with remainder to VanHorne's wife in fee; they mortgaged the land to secure the payment of the bond; VanHorne failed to pay the money and the land was sold under the mortgage; VanHorne bought it and claimed to hold it as against the mortgagors, but the court said he could not be permitted "to make out a good title through his own turpitude and dishonesty."

The third and fourth paragraphs of the complaint are, therefore, substantially good.

The only objections made to the first paragraph of the complaint are that it does not contain the full names of the parties, and that, after stating the plaintiff's ownership and possession of the land, it states that "The defendants pretend to claim some interest in, to wit, a title in fee to the whole or some part thereof, or claim to said real estate, derived through a certain pretended judicial sale thereof, and adverse to the title of the said plaintiff."

But this paragraph, in its title, contains the full names of

the plaintiff and of the defendants, and mentions them afterwards as "the said plaintiff" and "the said defendants." This is sufficient; in such a case the proper names of the parties need not be repeated in the body of the paragraph.

As to the other objection, such a mistake as the use of the word "in" instead of the word "therein," after the word "interest," could not mislead, and must be held immaterial. The court, therefore, erred in sustaining the demurrers, but the errors appear to have been harmless.

The cause was tried by the court upon the second paragraph of the complaint and the general denial thereof. The finding and judgment were for the appellant as to three forty acres of the quarter section in controversy, and that the appellees have no title thereto, and that, as to the fourth forty acres of said quarter section, the defendants are entitled to the possession thereof, and the court decreed that said levy and certificate of sale, as to said three forty-acre tracts, should be cancelled, set aside and held for naught, and that the appellant should recover his costs.

The evidence is not in the record, but the facts particularly stated in the paragraphs demurred to were admissible in evidence under the general allegations of the second paragraph, and the rule is that where the plaintiff, under one paragraph of the complaint may have the full benefit of the facts properly pleaded in other paragraphs, there is no available error in sustaining demurrers to such other paragraphs. *Whiteman v. Harriman*, 85 Ind. 49.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.