Filed March 27, 1884.

---

No. 10,853.

GEORGE v. BROOKS.

PRACTICE.—*Harmless Striking Out of Part of Pleading.*—The striking out of part of a paragraph of a pleading is harmless, where the same facts are set out in a remaining paragraph.

SAME.—*Harmless Ruling on Demurrer.*—The sustaining of a demurrer for insufficiency to one paragraph of a pleading is harmless, when the same facts are alleged in a remaining paragraph.

SAME.—*Evidence.*—*Disaffirmance of Deed by Minor.*—A written notice of disaffirmance of a deed executed by a minor may be given in evidence under a paragraph which alleges disaffirmance either in general terms or by setting out such notice specially.

From the Hamilton Circuit Court.

*W. Booth* and *J. Stafford,* for appellant.

*D. Moss, R. R. Stephenson* and —— *Lee,* for appellee.

ZOLLARS, J.—Appellant commenced this action in March, 1882, against appellee, to avoid a deed which, upon its face, purports to have been executed by appellant and her husband in 1858, and to quiet her title to the land described in the deed. Two alleged errors are discussed in this court, viz., the striking out of a portion of the first paragraph of the complaint and the sustaining of a demurrer to the second paragraph.

In the first paragraph, which was sworn to, the execution of the deed is denied. Following this, there was a lengthy recitation of facts which tend to show that if appellant did execute the deed, the execution was procured by fraud. It would seem that appellant has not much ground for complaint, because she was not allowed to unite two inconsistent causes of action in the same paragraph. If it should be conceded that the court erred in striking out the portion of the first paragraph, the error was clearly a harmless one, as all the facts stated in the portion struck out were embodied and re-asserted in the third paragraph of the complaint, to which no demurrer was filed. Appellant thus had the opportunity of availing herself of those facts upon the trial.

The second and third paragraphs of the complaint are in all essential matters the same. In each appellant seeks to overthrow the deed and recover the land upon the averments that when she executed the deed she was a married woman, under twenty-one years of age, and that the deed was procured by fraud. In each there is a lengthy recitation of facts to show what constituted the fraud. These facts, so recited, are in every essential respect the same in each paragraph. The only difference between the two paragraphs that needs to be mentioned is, that in the second paragraph a notice of disaffirmance, which was served upon appellee before the bring-

ing of the action, is set out in full. In the third, the fact of such disaffirmance is averred without setting out the notice served. This difference, however, is not at all material. Under the averment in the third paragraph, the proof of such disaffirmance could be introduced just as effectually as if the written disaffirmance were set out in full. The sustaining of the demurrer to the second paragraph was, therefore, a harmless error, if error at all. As appellant had the benefit of a trial upon the facts averred in the first and third paragraphs of her complaint, we need not decide whether or not the second stated sufficient facts to withstand the demurrer. Nor need we decide whether, under the first and third, she was entitled to the relief demanded. The jury decided against her, and judgment was rendered accordingly. No question is made as to the correctness of the verdict or the judgment upon it. As the paragraphs of the complaint are very lengthy, it would not be profitable to set them out in full, nor more in detail than we have done.

As we find no available error in the record, the judgment is affirmed, with costs.

Filed March 27, 1884.