## Chicago, Indiana & Eastern Railway Company *v.* Indiana Natural Gas & Oil Company.

[No. 4,751.   Filed March 8, 1904.]

Appeal and Error.—*Record.*—*Amended Pleading.*—Where a complaint was amended, the original ceased to be a part of the record on appeal, it not having been brought in by bill of exceptions or order of court; and it was not within the province of the clerk in such case to indicate what portion of the complaint was original and what portion was matter introduced by amendment, but it was his duty, under §662 Burns 1901, to certify the amended pleading only.  *pp. 520, 521.*

Same.—*Record.*—*Amendment of Pleading.*—*Answer.*—No question is presented on appeal upon the action of the court in sustaining a demurrer to an answer, where the complaint to which the answer was addressed was amended and the answer was not refiled.  *p. 521.*

Same.—*Record. — Pleading.*—Where demurrers addressed to several paragraphs of pleading were sustained as to part, and overruled as to others, such rulings can not be reviewed on appeal, where the paragraphs held sufficient were dismissed by the pleader and are not in the record; since the paragraphs in the record to which demurrers were sustained may have been regarded properly by the court as presenting no question that was not as effectually presented by another paragraph of pleading held sufficient on demurrer.  *pp. 521, 522.*

From Grant Circuit Court; *H. J. Paulus*, Judge.

Action by the Indiana Natural Gas & Oil Company against the Chicago, Indiana & Eastern Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. L. Custer, O. L. Cline, Knight & Brown, R. O. Hawkins* and *H. E. Smith*, for appellant.

*W. H. H. Miller, J. B Elam, J. W. Fesler, S. D. Miller, W. O. Johnson* and *C. C. Shirley*, for appellee.

Black, J.—The appellee filed its complaint against the appellant September 9, 1901. The appellant, September 27, 1901, filed its answer in eight paragraphs, the eighth

being a general denial, and its cross-complaint in five paragraphs. October 7, 1901, the appellee filed its demurrer to each of the paragraphs of answer, except the eighth, and also its demurrer for want of sufficient facts to each paragraph of the cross-complaint. October 29, 1901, the court sustained the demurrer to each of the first six paragraphs of the answer, and overruled the demurrer to the seventh paragraph of answer. At the same time the court overruled the demurrer to the first, fourth, and fifth paragraphs of cross-complaint, and sustained the demurrer to the second and third paragraphs of cross-complaint. November 18, 1901, the appellant dismissed its seventh paragraph of answer and its fifth paragraph of cross-complaint. December 2, 1901, the appellee amended its complaint. On the same day the trial was commenced, "the answer of general denial being treated as refiled after the filing of" the amended complaint. The appellee having introduced its evidence, the appellant dismissed its first and fourth paragraphs of cross-complaint, and the court, after hearing further evidence and argument, found for the appellee on its amended complaint.

The appellant by its assignment of errors questions the action of the court in sustaining the appellee's demurrer to the first six paragraphs of answer, severally, and in sustaining the appellee's demurrer to the second and third paragraphs, severally, of the cross-complaint.

The transcript of the record before us contains the first six paragraphs of answer, but it does not contain the seventh paragraph. It contains the second and third paragraphs of cross-complaint, but it does not contain the first, fourth, or fifth paragraph of cross-complaint. The complaint, it thus appears, was amended after the ruling upon the demurrers, and the appellant did not plead to the amended complaint, but upon the trial the answer of general denial was considered as if refiled. When the complaint was amended, the original complaint, to which the

answers were directed, ceased to be a part of the record on appeal, unless brought in by bill of exceptions or order of court. §662 Burns 1901. It was not within the province of the clerk to indicate what portion of the complaint certified up to this court was original and what portion was matter introduced by amendment, but it was his duty, under the statute above cited, to certify the amended pleading only. Thus, if sustaining a demurrer to an answer to an original complaint, afterward amended, can be made a material matter, it can not be said that we are properly informed as to the averments of the pleading to which the answers were addressed. We ought in all cases to be certainly informed in a legitimate way of the precise question for decision as it was presented to the court whose ruling we are asked to review. The answers as to whose sufficiency our opinion is desired should have been refiled after the filing of the amended complaint, and if, then, demurrers directed to the answers thus refiled were sustained, the record could easily have been so made up as to present the answers and the complaint as seen and considered by the court in ruling upon the demurrers.

When the court sustained the demurrer to each of the first six paragraphs of answer to the original complaint, and sustained the demurrer to the second and third paragraphs, severally, of the cross-complaint, the seventh paragraph of answer, the demurrer to which was overruled, and the first, fourth, and fifth paragraphs of cross-complaint, the demurrer to each of which was overruled, were before the court below in the record; but we know nothing as to the averments of the pleadings thus held sufficient on demurrer, for they are not in the record on appeal. The demurrers were addressed to the paragraphs, severally, of the answer and to each paragraph of the cross-complaint, and the court below, therefore, considered the paragraphs of answer and the paragraphs of cross-complaint separately, and considered none of them jointly with other paragraphs

of answer or cross-complaint in ruling upon the demurrers; and we, in like manner, considering the paragraphs separately, can not, as to any one of the first six paragraphs of answer, determine whether or not there was any substantial difference between it and the seventh paragraph, or whether or not all the material averments of the second or the third paragraph of cross-complaint might have been made as available under one of the paragraphs of cross-complaint, the demurrer to which was overruled, as they would have been if the demurrer had not been sustained. Each paragraph of answer and each paragraph of cross-complaint before us in the record may have been regarded properly by the court as presenting no question that was not as effectually presented by another paragraph of pleading held sufficient on demurrer. If the rulings of the court were correct when made, they could not be rendered erroneous by the subsequent voluntary action of the appellant in dismissing his pleadings, the demurrers to which were overruled, and leaving them out of the record.

We are unable to say that there was any available error in the rulings questioned on appeal. Judgment affirmed.