## CITY OF NEW ALBANY v. STRACK.

[No. 8,479.  Filed January 28, 1915.]

APPEAL. — *Review.* — *Record.* — *Failure to Identify Complaint.* — Where it appears from the record that the complaint was amended on defendant's motion to make it more specific, that answer was filed to the first and second paragraphs of amended complaint, and that thereafter the complaint was on leave amended by interlineation, and there is nothing in the record or in appellant's briefs to indicate what the amendments consisted of, or to identify the complaint in the record as the one on which issue was joined and the case tried, no question is presented for review.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Louis E. Strack against the City of New Albany. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles W. Schindler, Edward C. Hughes* and *Zenor & McIntyre,* for appellant.

*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

SHEA, J.—It is very earnestly insisted by appellee that no question is presented in this case for the reason that appellant has failed to incorporate in its brief the amended complaint upon which issue was joined, and the cause tried. Because of the earnest insistence on the part of appellee's counsel and in view of the fact that we have not been supplied with any additional information by appellant, the court has gone to the record to determine the facts.   On page 6 of the record, down to and including page 12, we find certified by the clerk of the Floyd Circuit Court, complaint in two paragraphs.   This purports to have been filed at the January, 1911, term of the Floyd Circuit Court, and is contained in the transcript certified by the Floyd Circuit Court to the Clark Circuit Court on December 6, 1911, in response to an order for a change of venue.   It is further certified that on May 19, 1911, before the Honorable

William C. Utz, among others the following proceedings were had: "Come the parties by their attorneys and the court now sustains the defendant's amended motion to make complaint more specific, and the plaintiff now amends his complaint so as to make same more specific." Nowhere, in either the record or briefs is this amended complaint identified so as to present any question to this court. When this amended complaint was filed on May 11, 1911, the original complaint went out of the record. *Aydelott* v. *Collings* (1896), 144 Ind. 602, 43 N. E. 867; *City of Huntington* v. *Folk* (1900), 154 Ind. 91, 54 N. E. 759; *Chicago, etc., R. Co.* v. *Indiana, etc., Oil Co.* (1904), 32 Ind. App. 519, 70 N. E. 270; *Evansville, etc., R. Co.* v. *Lavender* (1893), 7 Ind. App. 655, 34 N. E. 847. Therefore, no question is presented upon either the record or briefs, as neither contain a properly identified pleading upon which the cause was tried. Demurrers and answers are addressed to amended pleadings.

We find in the record at page 18 an answer filed by defendants addressed to plaintiff's first and second paragraphs of amended complaint. This answer was filed in the Clark Circuit Court on April 17, 1912, and afterward, on May 6, 1912, the following proceedings were had: "Comes again the plaintiff in person and by * * * his attorneys and comes also the defendant by * * * its attorney * * *. And now by leave of court the plaintiff is granted leave to amend his complaint by interlineation, to which, the defendant at the time excepts." There is no indication in what manner the complaint was interlined or changed, even if the complaint was otherwise in the record or briefs.

There are many other errors pointed out in the brief which we need not here give consideration. No error has been presented to this court by appellant in this case. The judgment is therefore affirmed.

NOTE.—Reported in 107 N. E. 547. See, also, 3 Cyc. 157; 2 Cyc. 1014.