WASHINGTON HOTEL REALTY COMPANY *v.* BEDFORD STONE AND CONSTRUCTION COMPANY.

[No. 23,516. Filed March 20, 1924. Rehearing denied July 3, 1924.]

1. PLEADING.—*Demurrer to Paragraph of Answer.—Sustaining. When Harmless Error.*—Sustaining a demurrer to one paragraph of answer is harmless error where another paragraph contains every material averment of the paragraph to which the demurrer was sustained, as the same evidence could be introduced under the paragraph remaining in the record, and the ruling could not be rendered harmful by the subsequent dismissal or withdrawal of such paragraph. p. 134.

2. PLEADING.—*Demurrer to Pleading.—Without Memorandum.— May be Sustained.—Statute.*—Notwithstanding the provision of §344, cl. 6, Burns 1914, providing that a party demurring for want of facts shall be deemed to have waived the right to question the pleading for any defect not specified in such memorandum, the court may sustain a demurrer because of a defect not specified therein, since there is no error in sustaining a defective demurrer to a bad pleading. p. 136.

3. APPEAL.—*Review.—Appellant Must Show Error.—Presumption.*—Appellant must show harmful error before he is entitled to any relief on appeal, and it is the presumption that the rulings of the trial court were correct. p. 136.

4. APPEAL.—*Review.—Demurrer to Paragraph of Pleading.— Sustaining.—When Harmless Error.*—Where a demurrer is sustained to one of several paragraphs of a pleading, the ruling is harmless if there are other paragraphs under which the same evidence was admissible. p. 137.

5. APPEAL.—*Review.—Demurrer to Pleading.—Harmless Error.* —If a pleading to which a demurrer is addressed is bad, no

Washington Hotel Realty Co. *v.* Bedford Stone, etc., Co.—195 Ind. 128.

harm is done in sustaining the demurrer although the demurrer may not state a sufficient cause or be properly framed. p. 137.

6. APPEAL.—*Review.*—*Sustaining Demurrer to Paragraph of Pleading.*—*Withdrawal of Paragraph Pleading Same Facts.*— Sustaining a demurrer to a paragraph of pleading is harmless where another paragraph pleads the same facts, and the subse-· quent withdrawal of the latter cannot make the ruling on the demurrer harmful and available error on appeal, it being harmless when made. p. 137.

7. APPEAL.—*Briefs.*—*Sufficiency.*—*Numerous Specifications in Motion for New Trial.*—Where the specifications in a motion for a new trial are numerous, mere abstract statements of law, without applying them to specific rulings complained of, are insufficient. p. 138.

8. APPEAL.—*Briefs.*—*Sufficiency.*—*Admission and Exclusion of Evidence.*—No question is presented for review as to the admission or exclusion of evidence where there is no showing in appellant's brief what questions were asked, what objections were made to the rulings of the court, what offers to prove were made and what exceptions taken, and the brief must point out the place in the record where these may be found. p. 139.

9. APPEAL.—*Briefs.*—*Sufficiency.*—*Refusing Instruction.*—The bare assertion in appellant's brief of error in refusing an instruction, without setting out enough of the record to show its applicability, presents no question for review, Rule 22 of the Supreme Court, clause 5, requiring a statement of so much of the record as to fully present every error and exception relied on. p. 140.

10. APPEAL.— *Briefs.*— *Points and Authorities.*— *Instructions Given.*—It is not sufficient to state as a point, under the heading "Points and Authorities," that the instructions given were erroneous or that they were uncertain, indefinite or inapplicable to the evidence without pointing out why each instruction is erroneous or why, or in what respect, the same is uncertain or indefinite, and citing authority showing why it is erroneous. p. 140.

11. PLEADING. — *Counterclaim.* — *How Pleaded.* — *Sufficiency.* — *Statute.*—Under the provisions of §352 Burns 1914, §347 R. S. 1881, a counterclaim may be pleaded as an answer, but it must allege facts sufficient to constitute a cause of action against the plaintiff in favor of the defendant. p. 145.

12. PLEADING.—*Counterclaim.*—*Numerous Items.*—*How Pleaded.* —In pleading a counterclaim for numerous breaches of the same contract, all the items upon which a recovery is sought

are properly embraced in one paragraph and assigning each item as a separate breach.    p. 145.

13.   TRIAL. — *Instructions.* — *Construction.* — *Considered as a Whole.*—All the instructions given in a cause are to be construed with reference to each other, and the entire charge is to be taken as a whole, it not being necessary to state all the law on the matters involved in one instruction.    p. 149.

14.   TRIAL.—*Instructions.*—*Error in One Instruction.*—*Not Cured by Giving Correct Instruction.*—Where one instruction is positively erroneous, its defects are not cured by giving a correct instruction, unless the erroneous instruction is clearly withdrawn, as an erroneous instruction cannot be cured by another which correctly states the law.    p. 149.

15.   APPEAL. — *Instructions.* — *Inconsistent and Misleading.* — *Cause for Reversal.*—The giving of two or more inconsistent instructions which are likely to mislead the jury or leave it in doubt as to the law is cause for reversal.    p. 149.

16.   TRIAL.—*Instructions.*—*Erroneous Instructions not Cured by Other Instruction.*—In an action by a contractor for the balance due under a building contract and for extras furnished at owner's request, in which the latter filed several paragraphs of counterclaim for numerous breaches of the building contract, all of said breaches being joined in each paragraph, instructions that, in order to recover on any paragraph of his counterclaim, the owner was required to prove all the material allegations of such paragraph, thereby precluding the owner from recovering on proof of one or more of the breaches set out in each paragraph of the counterclaim, was erroneous, and not cured by other instructions (*Nesbit* v. *Nesbit* [1909], 43 Ind. App. 43, and *Phillips* v. *Yount* [1919], 72 Ind. App. 118, distinguished).    p. 149.

From Marion Superior Court (A1,747); *Fred C. Gause,* Special Judge.

Action by the Bedford Stone and Construction Company against the Washington Hotel Realty Company and another.   From a judgment for plaintiff, the named defendant appeals.   *Reversed.*

*James E. Watson, Ward H. Watson* and *Sol H. Esarey,* for appellant.

*J. W. Fesler, Harvey J. Elam, Howard S. Young, Samuel D. Miller, Frank C. Dailey, William H. Thompson, Sidney S. Miller* and *Albert L. Rabb,* for appellee.

WILLOUGHBY, J.—This was an action by the Bedford Stone and Construction Company, appellee, against the Washington Hotel Realty Company, and J. Edward Krause, for an alleged balance due upon a contract between the appellant and appellee for the construction of the Washington Hotel in Indianapolis, and also for the recovery of alleged extras in connection therewith.

The complaint is in five paragraphs. The first paragraph seeks to recover from the appellant a balance alleged to have been due from the hotel company under the terms of plaintiff's contract for construction of the hotel. In addition to said amount, it charges that the plaintiff, at the special instance and request of the hotel company and Krause procured the plaintiff to furnish extras in the sum of about $25,000 for which it seeks recovery, against both defendants. The second paragraph of complaint, omitting any alleged balance as against the hotel company on the construction contract, alleges that the defendants, the hotel company and Krause, specially requested the plaintiff to install certain extras in said hotel in the sum of about $25,000.

The third paragraph alleges an unpaid balance of $13,000 on the construction contract as against the hotel company and further alleges that both defendants were indebted $25,000 for alleged extras furnished at their request.

The fourth paragraph of complaint seeks to recover as against both defendants the sum of $25,000 on account of extras furnished at their special instance and request.

The fifth paragraph is against the hotel company alone and is upon the *quantum meruit*, for the alleged cost of the hotel.

To the first, second, third, fourth and fifth paragraphs of complaint, the Washington Hotel Realty Company answered as follows: First: General denial. Sec-

ond: Payment. Third: Failure to perform the contract and damages therefor, setting out the items thereof. Fourth: Liquidated damages by virtue of the contract. Fifth: Defective performance of the contract, setting out the defects and asking for judgment over against the plaintiff.

The defendant, Krause, answered all paragraphs by general denial. Plaintiff then filed a reply in three paragraphs to the hotel realty company's second, third, fourth, and fifth paragraphs of answer. It further filed an answer in three paragraphs to the defendant's third, fourth and fifth paragraphs of answer, described as counterclaims. A trial was had and judgment rendered against both of the defendants—against the hotel company for $16,313.14 and against defendant Krause for $2,710.80. Krause satisfied the judgment against him and a new trial was granted to the hotel company on its motion therefor.

The answers theretofore filed by defendant hotel company were withdrawn and the hotel company filed its answer in six paragraphs, as follows: First: General denial. Second: Payment. Third: Payment of certain specified items. Fourth: Counterclaim. Liquidated damages for failure to deliver hotel on contract time. Fifth: Counterclaim. Liquidated damages. Sixth: Counterclaim for certain specified defects in the construction of said building, and demanding judgment for $25,000.

Said hotel company filed its answer in two paragraphs to the fifth paragraph of complaint as follows: Tenth: General denial. Eleventh: That said hotel was constructed under and by virtue of a contract and setting out wherein the plaintiff failed to perform said contract, and demanding judgment on account of said failure to perform.

Plaintiff replied in four paragraphs to the second,

MAY TERM, 1924. 133

Washington Hotel Realty Co. *v.* Bedford Stone, etc., Co.—195 Ind. 128.

third, fourth, fifth and sixth paragraphs of answer as follows: First: General denial. Second: That certain parts of said building were not completed upon contract time but that the fault was with the defendant hotel company. Third: That the delay in completion was caused by extras and changes in plans and that the contract in reference thereto was mutually waived. Fourth: That failure to install certain specified items was caused by the directions of defendant hotel company.

The plaintiff further filed an answer in four paragraphs to the fourth, fifth and sixth paragraphs of answer and counterclaim of the hotel company as follows: First: General denial. Second: Failure to complete building was caused by changes ordered and extras ordered by the defendant. Third: Negligence of hotel company caused delays complained of in defendant's answer. Fourth: Failure to install certain fixtures caused by failure of detailed plans to include same.

The plaintiff further replied in three paragraphs to the eleventh paragraph of answer of the hotel company as follows: First: General denial. Second: Waiver of provisions for delivery of building in that the hotel company was responsible for delay. Third: That plaintiff was not required to install certain fixtures by reason of omission from detailed plans.

Plaintiff further answered in three paragraphs to defendant's answer by way of counterclaim, filed March 2, 1916, as follows: First: General denial. Second: Waiver of provisions requiring delivery of building on certain date on the ground that defendant was responsible for said delay. Third: Failure to install certain fixtures not required by detailed plans.

The hotel company filed its reply to the plaintiff's second and third paragraphs of answer to its counterclaim by a general denial and also filed a general denial

134 . SUPREME COURT OF INDIANA,

Washington Hotel Realty Co. *v*. Bedford Stone, etc., Co.—195 Ind. 128.

to the second, third and fourth paragraphs of answer to its separate counterclaim filed February 17, 1916. The hotel company, by leave of court, filed its fourteenth and fifteenth paragraphs of separate answer, alleging that, since the beginning of this action, the judgment rendered in favor of the plaintiff as against the defendant Krause, for the alleged extras, had been satisfied and paid in full by defendant Krause.

The plaintiff filed separate demurrer to each the fourteenth and fifteenth paragraphs of answer of the defendant Washington Hotel Realty Company. The plaintiff's demurrer as to the fourteenth paragraph of answer was sustained and it was overruled as to the fifteenth paragraph.

The cause was submitted to a jury for trial which resulted in a verdict for the plaintiff in the sum of $30,000. A motion for a new trial was filed by appellant. The judge ordered a *remittitur* of $1,800 and thereupon overruled the motion for a new trial and rendered judgment for $28,200. From such judgment, this appeal is taken. The errors alleged and relied on for reversal are, sustaining appellee's demurrer to the fourteenth paragraph of answer, and the overruling of appellant's motion for a new trial.

The first question to be considered is the demurrer to the fourteenth paragraph of defendant's answer. Appellant contends that in the first trial of the cause, the judgment against the defendant Krause having been fully paid and satisfied, was full defense to this action. The appellee contends that no question is presented for the consideration of this court by appellant's first assignment of error, which is the sustaining of appellee's demurrer to appellant's fourteenth paragraph of answer, for the reason that the fifteenth paragraph of answer was voluntarily dismissed by appellant after the ruling on said demurrer. A

separate demurrer was filed to each the fourteenth and fifteenth paragraphs of answer. The court sustained the demurrer to the fourteenth paragraph and overruled it as to the fifteenth paragraph. If the fifteenth paragraph of answer contained every material averment contained in the fourteenth paragraph, to which the demurrer was sustained, the ruling of the court, whether erroneous or not, would not be harmful to appellant, because appellant could introduce all the evidence under the fifteenth paragraph which could have been introduced under the fourteenth paragraph. It appears from the record that after the demurrer had been sustained to the fourteenth paragraph, the fifteenth paragraph was voluntarily withdrawn or dismissed by appellant. If the ruling of the court on the demurrer was harmless at the time it was made, it could not be rendered harmful by a dismissal by the appellant of the fifteenth paragraph after the ruling on the demurrer.

In 6 Ency. Pleading & Practice 356, 357, it is said, "Where a general denial is filed in connection with a special plea setting up no matter which is not available under the general denial, the sustaining of a demurrer to such a special plea is not reversible error, and the defendant cannot make it reversible error by withdrawing the general issue after the demurrer to his special plea is sustained; or where several pleas are filed setting up substantially the same matters, the erroneous ruling of the court in sustaining a demurrer to any one of such pleas will be harmless if the defendant might still show the same facts under any of the remaining pleas." In *Chicago, etc., R. Co.* v. *Indiana, etc., Oil Co.* (1904), 32 Ind. App. 519, the court held that where demurrers addressed to several paragraphs of pleading were sustained as to part, and overruled as to others, such rulings cannot be reviewed on appeal,

where the paragraphs held sufficient were dismissed by the pleader and are not in the record; since the paragraphs in the record to which demurrers were sustained may have been regarded properly by the court as presenting no question that was not as effectually presented by another paragraph of pleading held sufficient on demurrer.

The appellant in his amendment to his brief says that, "since the decisions of *Chicago, etc., R. Co.* v. *Indiana, etc., Oil Co.*, 32 Ind. App. 519, and *Wood* v. *Crane*, 75 Ind. 207, the legislature has enacted a statute, §344 Burns 1914, clause 6, providing among other things, that when a demurrer is filed a memorandum shall be filed therewith stating wherein it is insufficient for want of facts, and the parties so demurring shall be deemed to have waived his right thereafter to question the same for any defect not so specified in such memorandum. Appellant therefore insists that the appellee shall not shift his objections to said paragraph and add new objections before this court which were not urged in the court below, and which the trial court had no authority to consider or pass upon, and which were passed upon by the trial court." The appellant's argument is not convincing. While the statute provides that the party demurring shall be deemed to have waived his right thereafter to question the pleading for any defect not specified in such memorandum, the court, however, is not required, under that statute to waive anything, and it is not error to sustain a defective demurrer to a bad pleading. It is the duty of the appellant in an appeal to show error harmful to him before he is entitled to any relief and it is also the presumption that the rulings of the trial court were correct.

Where a demurrer is sustained to one of several paragraphs of answer, the error is harmless if there are

other paragraphs under which the same evidence
4. is admissible. *Harding* v. *Cowgar* (1891), 127
Ind. 245; *Lawrenceburg, etc., Mfg. Co.* v. *Hinke*
(1889), 119 Ind. 47; *Whiteman* v. *Harriman* (1882),
85 Ind. 49; *Luntz* v. *Greve* (1885), 102 Ind. 173; *City
of Elkhart* v. *Wickwire* (1882), 87 Ind. 77; *Long* v. *Williams* (1881), 74 Ind. 115; *Lester* v. *Brier* (1882), 88
Ind. 296; *George* v. *Brooks* (1884), 94 Ind. 274; *Madgett* v. *Fleenor* (1883), 90 Ind. 517; *Moore* v. *Boyd*
(1884), 95 Ind. 134; *McClelland, Admr.,* v. *Louisville,
etc., R. Co.* (1884), 94 Ind. 276; *Hazelett* v. *Butler University* (1882), 84 Ind. 230; *City of Aurora* v. *Fox*
(1881), 78 Ind. 1; *Ohio, etc., R. Co.* v. *Nickless* (1881),
73 Ind. 382; *Moral School Tp.* v. *Harrison* (1881), 74
Ind. 93; *Mason* v. *Mason* (1885), 102 Ind. 38; *Nixon* v.
*Beard* (1887), 111 Ind. 137; *Henderson* v. *Henderson*
(1887), 110 Ind. 316; *Ralston* v. *Moore* (1886), 105
Ind. 243.

If the answer to which a demurrer is addressed is
bad, no harm is done in sustaining the demurrer although the demurrer may not state a sufficient
5. cause or be properly framed. *Davis* v. *Green*
(1877), 57 Ind. 493; *Palmer* v. *Hayes* (1887),
112 Ind. 289; *Wayne Pike Co.* v. *Hammons* (1891), 129
Ind. 368; *Goldsmith* v. *Chipps* (1900), 154 Ind. 28;
Elliott, Appellate Procedure §637; Ewbank's Manual
(2d ed.) §257, p. 499; *Hall* v. *State* (1912), 178 Ind. 448.

It appears from the record that the appellant filed
a fourteenth and fifteenth paragraph of answer at the
same time. Appellee demurred to each of said
6. paragraphs of answer. The court sustained the
demurrer to the fourteenth paragraph and overruled it to the fifteenth. This was on August 6, 1917.
The record also shows that on March 4, 1918, the fifteenth paragraph of answer was withdrawn. It also
appears by the record that the appellant at the same

time withdrew its seventh, eighth, ninth and thirteenth paragraphs of answer and that neither of said paragraphs so withdrawn is set out in the record or briefs in this appeal. It is asserted by appellee, and not denied by the appellant, that the fifteenth paragraph of answer which was voluntarily dismissed by appellant did, in fact, contain every material averment contained in the fourteenth paragraph to which the demurrer was addressed. If the fifteenth paragraph of answer contained all the averments set out in the fourteenth paragraph, the ruling of the court below could not have harmed appellant and was correct when made, and the subsequent withdrawal of the fifteenth paragraph of answer could not make the ruling erroneous if it was not erroneous when made. It is, therefore, unnecessary in the instant case to determine whether or not said fourteenth paragraph of answer was sufficient to withstand the demurrer. If the fifteenth paragraph contained all the averments set out in the fourteenth paragraph, then all the evidence which would have been admissible to sustain said fourteenth paragraph would have been admissible under the fifteenth paragraph, and the subsequent withdrawal of the fifteenth paragraph would not make the ruling on the demurrer to the fourteenth paragraph erroneous, as it was not erroneous at the time it was made. Such ruling would not render a ruling harmful and available error that was harmless when it was made. *Board, etc.,* v. *State, ex rel.* (1897), 148 Ind. 675; *Sims* v. *Fletcher Savings & Trust Co.* (1923), 194 Ind. 93, 142 N. E. 121, and cases there cited.

Appellee claims that appellant's brief presents no error with respect to the overruling of appellant's motion for a new trial, because appellant has failed

7. to classify the propositions under the proper headings and to indicate their application to a

particular ruling, and, in the citation of authorities, has failed to specify any particular point or proposition to any particular ruling complained of. Where the error complained of consists in the overruling of appellant's motion for a new trial, the specifications of which are numerous, mere abstract statements of law or facts are insufficient.

Appellant's motion for a new trial complains of alleged error in the admission and exclusion of evidence upon the trial, but there is no showing in appellant's brief what questions were asked, what objections made to the rulings of the court, what offers were made to prove and what exceptions taken.

8.

It appears from the record in this case that the bill of exceptions contains 4,658 pages, but no reference is made in appellant's brief to the place, page or line of the bill of exceptions where any objections, exceptions or rulings of the court can be found.

In *McCrocklin* v. *State* (1920), 189 Ind. 254, it was held that when it was alleged that the court made numerous errors in the admission and rejection of evidence and the brief did not point out the place in the record where these might be found nor show that any exceptions were taken to the rulings of the court on the rejection or admission of evidence, no question was presented for review.

Questions arising on alleged error in the admission of or rejection of evidence are deemed waived when the appellant's brief fails to point out where such rulings may be found in the record. No question is presented for review where, in that part of appellant's brief, devoted to propositions or points, certain instructions are set forth, accompanied by a bare assertion, unsupported by any reason or citation of authorities, that the giving or refusing of such instructions was erroneous. *McMurran* v. *Hannum* (1916), 185 Ind. 326.

Appellant's motion for a new trial asserts error in giving and refusing to give numerous instructions. The fifth clause of Rule 22 of this court requires a 9. statement of so much of the record as to fully present every error and exception relied on. Under this rule, the bare assertion of error in refusing an instruction without setting out enough of the record to show its applicability presents no question for review. *Wellington* v. *Reynolds* (1912), 177 Ind. 49; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind. 142.

The appellant has alleged error in the giving of each of the instructions given by the court of its own motion but has not set out in his brief any reason 10. or grounds why the giving of them was erroneous or citing any authority showing that the action of the court complained of was erroneous. It is not sufficient to state in a point that the instructions given are erroneous or that they are uncertain, indefinite or inapplicable to the evidence without pointing out why each instruction is erroneous or why or in what respect the same is indefinite or uncertain and citing authority showing why it was erroneous. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438. However, in appellant's amendment to its brief, objections are pointed out to instructions Nos. 10 and 11 given by the court of its own motion.

Instruction No. 11 is as follows: "The defendant has filed a separate answer to the fifth paragraph of complaint by an answer denominated the eleventh paragraph of answer, and which is by way of counterclaim, in which answer it is alleged that all work and labor specified in said fifth paragraph of complaint was done and furnished under and by virtue of a written contract executed February 28, 1912, a copy of which alleged written contract is filed with said answer as a part thereof, and which is the same writing as is filed with

the first paragraph of complaint as Exhibit A, and is the same writing as has been introduced in evidence as Exhibit 1, and in said eleventh paragraph of answer the defendant seeks to recover from the plaintiff for damages alleged to have been suffered by the defendant on account of the alleged failure of the plaintiff to perform and comply with certain provisions of the alleged contract between said parties in the construction of said building, which said eleventh paragraph of answer is in substance as follows: 'The defendant, The Washington Hotel Realty Company, for its eleventh paragraph of separate answer to the fifth paragraph of plaintiff's complaint says that the labor and material used in the construction of the hotel building and specified in plaintiff's fifth paragraph of complaint, together with all claims and charges therefor, were furnished, done and the building constructed under, and by virtue of a certain contract in writing executed on the 28th day of February, 1912, a copy of which is filed herewith, attached hereto, marked Exhibit A, and made a part hereof; that the plaintiff undertook the construction of said hotel building, so mentioned in said fifth paragraph of complaint, under and in accordance with said written contract, but that it did said work negligently and defectively, and that said plaintiff has not substantially performed the said contract and that said building is not yet completed substantially according to said contract in the following particulars, to wit: Said plaintiff failed to construct any flue in said building; that it failed to place shields over the radiators in said building; that it failed to complete said building on or before October 1, 1912; or at any other time; that it failed to place in each bath room or in any of the bath rooms, a ceiling light; that it failed to place in the sub-basement a vent-pipe extending upward through said building; that it failed to install metal screens in

said building; that it failed to place in the lobby of said hotel the grill work required by said contract and, instead thereof, did supply an inferior and useless grill work; that it failed to install an iron stairway, leading from the kitchen to the sub-basement; that it failed to install an iron stairs with pipe-rail from the east wall of the lobby leading to the mezzanine floor; that it so negligently constructed the sewer connections that this defendant was compelled to expend $225 to remedy the same; that it so negligently constructed chimneys to said building that it will require five thousand ($5,000) dollars to remedy the same; that the said chimney smokes and emits gases and odors therefrom at each floor of said hotel building, to the great annoyance and loss of both the lessee thereof and the owners; that the plaintiff so negligently installed a ventilating system therein that it will require a large sum of money to take out the same and to replace it with one constructed according to the contract, the cost of which and the cost of taking out the old and replacing with the new will be at least $5,000; that the whole of said work was done in an unworkmanlike manner and in no respect does it conform to or comply with the said contract and specifications, to the damage to this defendant of $50,000. Wherefore said defendant demands judgment against the plaintiff in the sum of $50,000.' To this paragraph of answer the plaintiff has replied by denying each and every material allegation therein contained, and under the issues thus formed upon this paragraph of answer and counterclaim, to entitle defendant to recover upon said paragraph, it must have proven all the material allegations of said paragraph of answer by a fair preponderance of all the evidence given in the cause."

This instruction refers to a counterclaim consisting of many items and, in effect, instructs the jury that appellant cannot recover for any item unless it proves

all of them. Appellant contends that proof of one of them entitles the defendant to recover for that one although he may fail to prove the others.

Instruction No. 10 is as follows: "The plaintiff has replied to the fourth, fifth, sixth and twelfth paragraphs of answer and counterclaim by denying each and every material allegation therein contained, and under the issues thus formed, before you can find for the defendant upon any one or more of said paragraphs of answer and counterclaim, the defendant must have proven all the material allegations of such one or more paragraphs of answer and counterclaim by a fair preponderance of all of the evidence given in the cause."

To show the infirmity of this instruction, it is only necessary to examine one of the paragraphs of answer and counterclaim to which it refers.

Said twelfth paragraph of answer and counterclaim is in substance, as follows: "The defendant, The Washington Hotel Realty Company, by way of counterclaim herein alleges that on February 28, 1912, it entered into a contract in writing with the plaintiff herein, The Bedford Stone and Construction Company, for the construction of a hotel building upon its lot, fronting on Washington Street of Indianapolis, Indiana, a copy of which contract is filed herewith, attached hereto, marked Exhibit A, and made a part hereof. That defendant says that the said hotel building, by virtue of said contract, was to be complete in every particular and to be well constructed throughout of first class material and to be in every respect a suitable, modern, fireproof building, with all necessary attachments and adjustments and fixtures, required and usually found in first class, modern hotel buildings; that said hotel building, by virtue of said contract was to be delivered over to this defendant complete, on or before October 1, 1912, and that it was delivered over

to said defendant, incomplete on January 1, 1913, and that this defendant of necessity was required to and did take possession of the same on January 1, 1913; that said building was not completed at the time said defendant took possession thereof and has not since been completed nor accepted by this defendant. This defendant alleges that in violation of said contract the plaintiff failed to install in each bath room or in any of the bath rooms a ceiling light; that it failed to place in the sub-basement a vent-pipe extending upward through said building; that it failed to place in the lobby of said hotel the grill work required by said contract and, instead thereof, did supply an inferior and useless grill work; that it failed to install metal screens in said building; that it failed to install an iron stairway, leading from the kitchen to the sub-basement; that it failed to install an iron stairs with pipe-rail from the east wall of the lobby leading to the mezzanine floor; that it so negligently constructed the sewer connections that this defendant was compelled to expend $225 to remedy the same; that it so negligently constructed the chimneys to said building that it will require five thousand dollars to remedy the same; that the said chimney smokes and emits gases and odors therefrom at each floor of said hotel building, to the great annoyance and loss of both the lessee thereof and the owners; that the plaintiff so negligently installed a ventilating system that it will require a large sum of money to take out the same and to replace it with one constructed according to the contract, the cost of which and the cost of taking out the old and replacing with the new will be at least $5,000; that the whole work was done in an unworkmanlike manner and in no respect does it conform to or comply with the said contract and specifications, to the damage to this defendant of $50,000.

"The plaintiff further shows to the court that it will be impossible to repair said building in such a manner as to make it conform to the original plans and specifications and in accordance with the contract herein set out; that the work was so imperfectly, defectively and so unworkmanlike done, as to require a complete overhauling of the said building; that in order to remedy all of the defects which can be remedied without a total destruction of said building, it will require an expenditure of $50,000 and will necessitate the vacating of said building for a period of four months or more and consequently a loss thereof to this defendant of rent in the sum of $20,000; that the total loss to this defendant an account of the failure of this plaintiff to construct said building and to deliver it to the defendant in accordance with said contract is $70,000.

"Wherefore, this defendant demands judgment against this plaintiff, in the sum of seventy thousand dollars ($70,000) and all other proper relief."

A counterclaim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, 11. or which would tend to reduce the plaintiff's claim or demand for damages. §355 Burns 1914, §350 R. S. 1881. A counterclaim may be pleaded as an answer but it must allege facts sufficient to constitute a cause of action in favor of the defendant. *Stoner* v. *Swift* (1905), 164 Ind. 652.

The counterclaims to which these instructions were directed consisted of numerous items but, in each instance, all the items upon which a recovery is 12. sought are alleged breaches of the same contract and properly embraced in one paragraph by assigning each item as a separate breach. *Smiley* v. *Deweese* (1891), 1 Ind. App. 211; *Mustard* v. *Hoppess*

(1879), 69 Ind. 324; *Sheetz* v. *Longlois* (1880), 69 Ind. 491.

In *Phillips* v. *Yount* (1919), 72 Ind. App. 118, which was a suit for personal injuries alleged to have been sustained by appellant as a result of alleged negligence of appellees in whose machine shop he was at the time employed, the complaint was in two paragraphs and the answer was a general denial. The court gave an instruction as follows: "Under the issues thus formed the burden is upon the plaintiff to prove all the material allegations of the complaint by a fair preponderance of the evidence before he can recover."

In that case it was alleged that the giving of that instruction was reversible error, first, because there were two paragraphs of complaint, proof of either of which was sufficient, and, second, for the reason that it was not necessary to prove all the allegations of either paragraph, but only such as were necessary to constitute a cause of action. In that case the court said: "We find upon examination that there is no material difference between the two paragraphs of the complaint. Not only that, but, as shown by the record, the court construed the two paragraphs as substantially the same, and instructed the jury that, 'although the complaint is in two paragraphs, the essential allegations are the same in both.' However, the complaint did state more than one act of negligence, any one of which might have caused the alleged injury. It will be seen that the instruction in controversy is an instruction on the burden of proof, and not an instruction which purports to set forth averments of the complaint that must be proved to entitle the plaintiff to recover. The instruction standing alone did not correctly state the law applicable to the case. Nevertheless, the court by other instructions told the jury that, in order to recover, it was only necessary for the plaintiff to prove some act of negli-

gence set out in the complaint, and that such negligence was the proximate cause of the injuries of which the complaint was made. The court also instructed the jury that 'all the law applicable to the case is not embodied in any one instruction,' but that 'in construing any one instruction, the jury must construe it in the light of, and in harmony with every other instruction given.' "

In *Nesbit* v. *Nesbit* (1909), 43 Ind. App. 43, which was a suit on a promissory note, in which the defendant filed three affirmative paragraphs of answer, the court said: "One of the reasons assigned for a new trial is that the court erred in giving instruction two and one-half, which was as follows: 'The plaintiff has replied to the answers by a general denial which puts upon the defendant the burden of proving all the material averments contained in them by a preponderance of the evidence as stated in these instructions.' Appellant contends that it is clear that, in order to recover, the jury must have understood therefrom that it was necessary for him to prove the material averments in all three of the affirmative paragraphs of answer. The instruction was that appellant must prove the material averments of said paragraphs of answer 'as stated in these instructions.' The court then considered the material averments of each paragraph in other instructions and so instructed the jury in reference to the necessary proof in each in order to justify a recovery thereunder. When this is considered as a whole, the language objected to does not convey the meaning contended for by appellant."

These cases are readily distinguished from the one at bar in that they show that the instructions complained of were upon the burden of proof, while, in the instant case, the jury was unequivocally told by said instructions Nos. 10 and 11 what proof would be required of

defendant before he could recover on either of said paragraphs of counterclaim.

By instruction No. 53, the jury was instructed that, "You should also determine whether there is any sum due the defendant for liquidated damages for the alleged delay in completing said buildings as claimed by the defendant, and if you find there is such a sum due on account thereof, it should be deducted from any amount found due the plaintiff as above set out.

"You should also determine as to whether there is any sum due the defendant because of any alleged failure of the plaintiff to comply with any other provision of said contract by doing defective work or furnishing defective material or failing to do any work or furnish any material as claimed by the defendant, and if you find there are any such sums they should be deducted from any amount due the plaintiff as above set out.

"If after making the deductions due the defendant, if any, as above set out, you find the total amount due the plaintiff, if any, exceeds the amounts due the defendant, if any, on account of such deductions, then you should return a verdict in favor of the plaintiff for the amount of such excess. If you find, after making such deductions, due the defendant, if any, that the amount of such deductions due the defendant equals the total amount due the plaintiff, if any, then your verdict should be for the defendant. If you find that under the evidence and in accordance with these instructions there is an amount due the defendant in excess of the amount due the plaintiff, if any, then you should return a verdict in favor of the defendant for the amount of such excess."

It may be claimed that instructions Nos. 10 and 11 are explained and modified by statements in instruction No. 53, so that they will not be harmful to appellant and the jury could understand them.

We are aware of the rule that all the instructions given in the cause are to be construed with reference to each other and the entire charge is to be taken as a whole, and where the instructions, as a whole, are consistent and state the law correctly, they are not objectionable on the ground that the whole of the law is not fully stated in one or more of the separate parts. *Indianapolis Traction, etc., Co.* v. *Howard* (1920), 190 Ind. 97.

We are also aware of the rule that where one instruction is positively erroneous, its defects are not cured by giving an instruction which was correct unless the erroneous instruction was clearly withdrawn. *Rahke* v. *State* (1907), 168 Ind. 615. An erroneous instruction cannot be cured by another instruction which correctly states the law. *Chicago, etc., R. Co.* v. *Glover, Admr.* (1900), 154 Ind. 584.

If two or more instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to the law, it is cause for reversal. *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101.

We think a comparison of instruction No. 53 with Nos. 10 and 11 shows that there is nothing in instruction No. 53 which explains or supplements instructions Nos. 10 or 11. So far as instruction No. 53 can be applied to them, it is contradictory to them and tends more to confuse or mislead the jury than to explain or construe said instructions. The giving of said instructions Nos. 10 and 11 constituted error, for which the judgment should be reversed.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Ewbank, C. J., and Gause, J., not participating.