WASHINGTON HOTEL REALTY COMPANY *v.* BEDFORD
STONE AND CONSTRUCTION COMPANY.

[No. 23,516.    Filed July 3, 1925.]

1. CUSTOMS AND USAGES.—*Custom of court reporters as to charges for preparing transcripts of evidence could not prevail over statute.*—A custom of court reporters to charge thirty-five cents a page, regardless of the number of words thereon, could not control as to the fees to be charged for preparing a transcript of the evidence, as they are fixed by statute (§1851 Burns 1926, §1691 Burns' Supp. 1921). p. 397.

2. COURTS.—*Court reporters charging more than statutory fees for preparing transcripts of evidence guilty of misdemeanor.*—It is a misdemeanor for court reporters to charge more than the statutory fees for preparing a transcript of the evidence, and the statute (§1851 Burns 1926, §1691 Burns 1914), in this respect, has not been changed. p. 398.

3. APPEAL.—*Method of determining legal fees of court reporter for preparing transcript of the evidence.*—On motion to retax the costs of an appeal, the legal fee to be charged for preparing a transcript of the evidence cannot be determined by a count of the number of words on fifty pages of the transcript, taken at random from a total of 4,658, and numerous exhibits that were either transcribed or photographed and added to the transcript. p. 398.

From Marion Superior Court (A 1,747); *Fred C. Gause*, Special Judge.

Motion by appellee to retax costs on appeal because of excessive charges by court reporter for preparing transcript of evidence for appeal. *Motion denied.*

*Watson & Esarey,* for appellant.

*Fesler, Elam & Young* and *Miller, Dailey & Thompson,* for appellee.

PER CURIAM.—Appellee has filed a verified motion to retax the costs of this cause on appeal (195 Ind. 128). In said motion it is stated as follows: That the cause was decided adversely to appellee and the costs are taxable against it; that the costs amount to $2,150.25, which includes a fee paid the court reporter for preparing the bill of exceptions containing the evidence in the sum of $2,034.70; that said sum for preparing said bill of exceptions is far in excess of the statutory rate of ten cents per folio of one hundred words; that said bill of exceptions contains four thousand six hundred fifty-eight pages; that the words on fifty pages of same, selected at random, have been counted by appellee; and that, based upon the pages counted, the cost of the transcript should be taxed at $964.21 and no more.

The appellant filed an answer in general denial to said motion, and also filed an affidavit of the official court. reporter and other affidavits in support of its answer. The affidavit of the court reporter states that the bill of exceptions contains, in addition to said four thousand six hundred fifty-eight pages, an index of twenty-eight pages and many hundreds of exhibits, all of which were attached to and made a part of said bill of exceptions, either by transcribing the original exhibit or photographic copy, and that many blue prints are in said bill of exceptions, same covering the entire construction of the Washington Hotel Building situated in the city of Indianapolis, said building being a sixteen story building with basement, subbasement and attic, and that there was no way whereby the exhibits could be transcribed by the hundred words in accordance with the statute, and that said exhibits were incorporated in said bill of exceptions by contract with the appellant. However, it is not stated what that contract was. The affidavit of the court reporter further shows that one page which has

been counted contains one thousand eight hundred forty-one words and figures. The affidavit of the court reporter and the affidavits of seven other court reporters state that a recognized custom has existed for many years among the courts, attorneys at the bar and official reporters of Marion county governing the preparation of bills of exceptions, and that, by said custom, the price paid therefor and charge by said reporters has been thirty-five cents a page. That part of the court reporter's affidavit and the affidavits of the other official court reporters in regard to this custom has not been given any consideration by us. Said custom cannot take the place of the statutory law on this subject which was in force during the year 1918, when the transcript was prepared. Said law is set out in §1691 Burns 1914, and is as follows: "Such official reporter may also collect as fees ten cents per folio of one hundred words, for making and furnishing transcripts of his shorthand notes of testimony."

We desire to call attention to the fact that while said section has been amended in some particulars, the part quoted has not been changed. §1851 Burns 1926, §1691 Burns' Supp. 1921, Acts 1919 p. 111. And

2. it is also provided therein that if any such reporter shall charge, or charge and receive, or receive any compensation in excess of that stated, he shall be guilty of a misdemeanor and upon conviction shall be fined in a sum not less than ten dollars nor more than one hundred dollars.

We have carefully considered the motion of appellee and the affidavit of the official court reporter filed by the appellant. The motion is based on a count

3. made of the number of words on only fifty pages out of a total of four thousand six hundred fifty-eight pages. This showing is not sufficient. Also, the sworn statement of the official court reporter shows that

hundreds of exhibits, in addition to the number of pages stated, were either transcribed or photographed and made part of said bill of exceptions.

Said motion is overruled.