KEESLER, ADMINISTRATRIX *v.* LOY ET AL.

[No. 27,775. Filed September 18, 1942.]

*Atkinson & Sanders,* of Auburn, for appellant.

*Mountz & Mountz,* of Garrett, for appellees.

SHAKE, J.—This is an appeal from a judgment rendered against the appellant upon her refusal to plead over after the appellees' separate demurrers to her complaint had been sustained. There were originally 7 defendants but the action was dismissed below as to all except the appellees.

The allegations of the complaint may be briefly summarized. It disclosed that the appellant's decedent joined with 52 unnamed persons in a petition for the establishment of a public drain, resulting in a personal judgment against said petitioners for $11,500. Each of said petitioners, other than the defendants herein, paid $250 toward the satisfaction of said judgment, but the appellant was required to sell her decedent's real estate and discharge the balance of said lien, by reason whereof she expended $1330 in excess of the amount paid by any other petitioner or party to this action. The appellee Anna M. Capen is the widow of Robert C. Capen, who was a judgment defendant in said drainage proceeding and who died the owner of real estate upon which said judgment was a lien.

The appellee Loy is not mentioned in the complaint other than in the caption. The complaint concluded with a prayer for a judgment against the appellee Loy and for an execution against his real estate and for an order for the sale of the real estate owned by Robert C. Capen at the time of his death.

In determining whether reversible error was committed in sustaining the demurrers we are not limited to the defects pointed out in the memoranda. *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471. *Poer, Trustee,* v. *State, ex rel.* (1919), 188 Ind. 55, 121 N. E. 83. *Washington Hotel Realty Co.* v. *Bedford Stone, etc., Co.* (1924), 195 Ind. 128, 143 N. E. 156. This rule is necessary to give force to the statute which provides, among other things, that no judgment shall be reversed where it shall appear that the merits of the cause have been fairly determined in the court below. § 2-3231, Burns' 1933, § 505, Baldwin's 1934, Acts 1881 (Spec. Sess.), ch. 38, § 659, p. 240.

The complaint was bad for a number of reasons. It is enough to point out that there was no showing that the appellee Anna M. Capen was the owner of any real estate belonging to Robert C. Capen at the time of his death and that there was a total absence of any allegations establishing liability on the part of the appellee William H. Loy.

The judgment is affirmed.

NOTE.—Reported in 43 N. E. (2d) 615.