MAY TERM, 1897—VOL. 148. 675

Board of Election Com'rs of Gibson County *et al. v.* State, *ex rel.* Sides.

THE COUNTY BOARD OF ELECTION COMMISSIONERS OF
GIBSON COUNTY ET AL. V. STATE, EX REL. SIDES.

[No. 18,136. Filed November 5, 1897.]

ELECTIONS.—*Name of Candidate May Appear More than Once on Ballot.—Election Commissioners.—Mandate.—Statute Construed.*— Under the provision of sections 18 and 26 of the election law of 1889, as amended by the act of 1891, sections 6215, 6222, Burns' R. S. 1894, the board of election commissioners may be required by mandate to print on the official ballot, under the emblem of each party respectively, the names of candidates properly certified to them by two political parties as provided in such acts, notwithstanding the same list of candidates is certified by both political parties. *pp. 677, 678.*

STATUTORY CONSTRUCTION.—Where any provision of an act is invalid it may be stricken out, but courts have otherwise no right to add to or take from the law as it is written, or to extend the meaning of the law beyond that which is written, when the meaning is clear. *pp. 678, 679.*

SAME.—*Questions of Policy and Political Morals.*—The courts in the construction of statutes have nothing to do with questions of policy and political morals; such questions are matters for the consideration of the legislature. *p. 679.*

ELECTIONS.—*Board of Election Commissioners.*—The board of election commissioners is not a tribunal set up for the trial of any abuses that may occur in the nomination of candidates, but must print the tickets as certified to by the proper parties. *p. 680.*

PRACTICE.—*Sustaining Demurrer to Special Answer.—Harmless Error.* —No error was committed in sustaining a demurrer to a special answer where the same evidence was admissible under the general denial, nor was such ruling rendered harmful by the subsequent withdrawal of the general denial. *p. 680.*

From the Gibson Circuit Court. *Affirmed.*

*Thomas R. Paxton* and *John H. Miller,* for appellants.

*W. W. Medcalf* and *W. E. Stilwell,* for appellees.

HOWARD, J.—This was a proceeding for mandate, brought in the name of the State by the relator, a voter of Gibson county, to require the election com-

missioners of that county to place upon the ballot to be voted at the general election of 1896, the names of certain candidates alleged to have been duly nominated for election as county officers of said county.

It is alleged in the petition for mandate that said election commissioners met on October 20, 1896, to prepare the ballot to be voted at said election; that prior thereto a convention of the Democratic party of said county had nominated a full set of county officers; that certain of those so nominated declined to stand as candidates, whereupon a second convention of said party was held at which other nominations were made in place of those who had declined; that thereafter, less than sixty days and more than fifteen days before the day of said general election, certificates of the nominations so made were duly executed by the presiding officer and secretary of each of said conventions, and such certificates were filed with the clerk of the circuit court of said county. Like allegations are made as to nominations by the People's party of said county, the nominations certified to and filed being the same as those of the Democratic party. It is further alleged that the election commissioners at their said meeting refused to recognize the certificates so filed as to the candidates nominated at the second convention of each of said parties, and resolved to print on the ballot, under the title and emblem of each party, only the names of those nominated at the first of each of said conventions, as certified to by their respective officers. The prayer is that the election commissioners be required to print on the ballot, under the title and emblem of each party all the names of the candidates nominated by each respectively, as the same were reported in the certificates filed with the county clerk by the officers of the conventions of each of said parties.

The issuance of an alternative writ of mandate being waived, a demurrer was filed to the complaint. The overruling of this demurrer presents the principal questions for our consideration.

The law in force, at the time, prescribing the duties of county boards of election commissioners in the preparation of the ballot, so far as bears on the facts alleged in the complaint, was as follows:

In section 18 of the election law (Acts 1889, p. 166); section 6215, Burns' R. S. 1894, it was provided that "The said boards of election commissioners shall cause to be printed on the respective ballots the names of the candidates nominated by the conventions of any party that cast one per cent. of the total vote of the State at the last preceding general election, as certified to said boards by the presiding officer and secretary of such convention."

It was also provided in the same section that "In case of death, resignation, or removal of any candidate subsequent to nomination, unless a supplemental certificate or petition of nomination be filed, the chairman of the State, county, city, or township committee shall fill such vacancy."

In section 26 of the same law as amended (Acts 1891, p. 126); section 6222, Burns' R. S. 1894, it was provided that "The board of election commissioners shall cause the names of all candidates of their respective jurisdictions to be printed on one ballot, all nominations of any party * * * being placed under the title and device of such party * * * as designated by them in their certificate."

In support of the action of the election commissioners, counsel argue that it was not lawful for the board to place the name of a candidate more than once upon the official ballot; and they cite in support of this contention the following provision of section 19 of the

election law as amended (Acts 1891, p. 125); section 6216, Burns' R. S. 1894: "If any person has been nominated as a candidate for any office by convention, and also as a candidate for the same office by petition, his name shall be placed on the ballot but once, to-wit: In the list of candidates nominated by such convention."

It is not apparent what bearing this provision has upon the case made in the complaint for mandate. The candidates who were refused a place upon the ballot, under the titles and devices of the parties respectively, were all nominated by the conventions of the two parties. Even if also nominated by petition, the statute cited provides that the names should be placed "in the list of candidates nominated by such convention," unless otherwise requested in writing by the candidates themselves, of which request nothing is said in this case.

But it is said that the legislature must have intended that there should be perfect equality upon the ballot for all candidates; so that if a candidate nominated by convention and also by petition for the same office could have his name but once upon the ballot, in like manner, a candidate nominated by two party conventions could have his name placed there but once. To this we may say, that we can learn the intention of the legislature only by what is said in the statute. If any provision of an act is invalid it may be stricken out, but courts have otherwise no right to add to or take from the law as it is written. Besides, we cannot say that the legislature may not have had reason, deemed by it sufficient, why a nomination by convention should be regarded as more correctly representing the wishes of the people than a nomination by petition. However that may be, we are not authorized to extend the meaning of the law beyond that which is written, when that meaning is clear. It

would be otherwise in case the language were obscure or equivocal. *Stout* v. *Board, etc.*, 107 Ind. 343. In the statute before us the language is clear and the meaning certain.

As to questions of policy, the effects of fusion upon political morals, and the like, so fully discussed by counsel, we have nothing to do. Those are matters for the consideration of the legislature.

It is also contended that the court had no jurisdiction in this case; that the election commissioners are given full discretion in all matters relating to the preparation of the official ballot, which discretion can not be controlled by the courts. Whether the powers of the board are in any respect discretionary we need not inquire. In the acts of which complaint is here made there was certainly no discretion. It is alleged that each of the parties named cast one per cent. of the total vote of the State at the last preceding general election; that each held its conventions for the nomination of county officers; and that, within the time prescribed by law, the names of the candidates nominated were duly certified to the election officers. In such case the duty of the board is made mandatory by the statute, the language being: "The board of election commissioners shall cause the names of all candidates of their respective jurisdictions to be printed on one ballot, all nominations of any party * * * being placed under the title and device of such party * * * as designated by them in their certificate." This the board did not do, but proceeded to print such tickets on the ballot as they judged the parties ought to have nominated. It was the purpose of the statute, however, that each party should nominate such persons to be voted for as the voters might themselves deem best. It was the business of the election commissioners to print the tickets as they were given to them by those who made the nominations.

If it be said that abuses might arise in the nomination of candidates, the answer is at hand. The law is sufficient to protect the rights of all persons. The courts are open for the righting of any wrong that may be suffered by any one. The board of election commissioners is not a tribunal set up for the trial of any such issues. See *Marcum* v. *Ballot Comrs.*, 42 W. Va. 263, 36 L. R. A. 296, 26 S. E. 281.

There was a special answer to the complaint to which a demurrer was sustained, and this ruling also is assigned as error. Except as to certain irrelevant averments, however, the special answer was but an argumentative denial of the matters alleged in the complaint; and all relevant evidence that might have been admitted under this special paragraph of answer could also have been given under the general denial. There was therefore no available error in sustaining the demurrer to the special answer; nor could such ruling be rendered harmful by the subsequent withdrawal of the general denial. *Cincinnati, etc., R. W. Co.* v. *Smith*, 127 Ind. 461; 6 Ency. Pl. and Prac. 357.

Judgment affirmed.