## Scott v. City of Goshen et al.

[No. 20,052. Filed February 19, 1904.]

MUNICIPAL CORPORATION.—*Schools.*—*Construction of School Building.*—*Constitutional Limitation of Indebtedness.*—The act of 1879, §5978 Burns 1901, requiring the school trustees to obtain the consent of the common council of the city before entering into a contract for the construction of a school building is supplemental to the act of 1873, §5975 Burns 1901, providing for the issue of bonds to pay the cost of constructing school buildings, and a school city by the consent of the common council is not authorized to erect a school building, where it has not money sufficient to pay for the building, and the civil city is indebted beyond the constitutional limit.

From Elkhart Circuit Court; *J. D. Ferrall,* Judge.

Suit by John F. Scott against the city of Goshen and others. From a judgment in favor of defendants, plaintiff appeals. *Reversed.*

*Vail & Wehmeyer*, for appellant.

*C. W. Miller, J. S. Drake* and *S. C. Hubbell*, for appellees.

Monks, J.—Appellant, a resident taxpayer of the city of Goshen, Indiana, brought this action on August 8, 1902, to enjoin said city from permitting the school trustees of said city to contract for the construction of a high school building which was to cost about $42,000, and to enjoin the school city and the school trustees from letting the contract for said school building, and issuing evidences of indebtedness for the cost thereof. Each appellee filed a separate demurrer for want of facts to the complaint, which was sustained, and appellant refusing to plead further judgment was rendered against him.

The assignment of error calls in question the action of the court in sustaining each of said demurrers to the complaint.

It was alleged in the complaint and admitted by the demurrers that, at the commencement of the action, appellant was a resident taxpayer of said city; that the taxable property within the corporate limits of said city at the last assessment was $3,194,755, two per cent. of which was $63,895; that the indebtedness of the city was more than $119,000, $8,000 of which was evidenced by bonds issued by said city in 1896 for the building of a schoolhouse within said city; that the school city in February, 1902, obtained consent of said city of Goshen permitting it to build a new school building, to cost not more than $42,000, and that said city is threatening to let said permit continue; that the school city and its trustees are threatening to let a contract to a certain contractor named in the complaint for the construction of a school building in said city to cost $42,000, and that neither the city nor the school city has any money with which to pay for said building; that the school city and its trustees are threatening to issue to the contractor evidences of indebtedness of said school

city for the construction of said school building amounting to $42,000, payable annually for ten or fifteen years out of the special school tax to be levied and collected for that purpose, and to levy each year a special school tax upon the property within said city largely in excess of the amount necessary for the current expenses of said school city, and to use said excess each year in payment of the evidences of indebtedness which they threaten to issue as aforesaid, the same to continue for a long period, to wit, ten to fifteen years.

Each incorporated city in this State is by statute made a "distinct municipal corporation for school purposes, by the name and style of * * * the city corporation, and by such name may contract and be contracted with, sue and be sued, in any court having competent jurisdiction." §5914 Burns 1901, §4438 R. S. 1881 and Horner 1901. By §5920 Burns 1901 it is the duty of the school trustees of their respective townships, towns, and cities to "employ teachers, establish and locate conveniently a sufficient number of schools for the education of the children therein and build or otherwise provide, suitable houses, furniture, apparatus and other articles and educational appliances necessary for the thorough organization and efficient management of said schools." Broad and comprehensive as these powers are, there are other provisions of the statute which clearly restrict the same. §§5917, 5918, 5929, 5930, 5975, 5978 Burns 1901, §§4441, 4442, 4450, 4451, 4488, 4491 R. S. 1881 and Horner 1901; *Wallis* v. *Johnson School Tp.,* 75 Ind. 368; *Union School Tp.* v. *First Nat. Bank, etc.,* 102 Ind. 464, 474, 476.

In 1873 the General Assembly passed an act entitled "An act to authorize cities and towns to negotiate and sell bonds to procure means with which to erect and complete unfinished school buildings, and to purchase any ground and building for school purposes, and to pay debts contracted for such erection and completion, and purchase of

buildings and grounds, and authorizing the levy and collection of an additional special school tax for the payment of such bonds." Acts 1873, p. 60. The first section of said act (§5975 Burns 1901, §4488 R. S. 1881 and Horner 1901) provides "that any city or incorporated town in this State which shall by the action of its school trustee or trustees have purchased any ground and building or buildings, or may hereafter purchase any ground and building or buildings, or have commenced or may hereafter commence the erection of any building or buildings for school purposes, or which shall have by its school trustee or trustees contracted any debts for the erection of such building or buildings, or the purchase of such ground and building or buildings, and such trustee or trustees shall not have the necessary means with which to complete such building or buildings, or to pay for the purchase of such ground and building or buildings, or pay such debt, may, on the filing by the school trustee or trustees of said city or incorporated town of a report under oath with the common council of such city, or the board of trustees of such incorporated town, showing the estimated or actual cost of any such ground and building or buildings, or the amount required to complete such building or buildings, or purchase such ground and building or buildings, or the amount of such debt,—on the passage of an ordinance authorizing the same by the common council of said city, or the board of trustees of such incorporated town, issue the bonds of such city or town." Section two of said act (§5976 Burns 1901, §4489 R. S. 1881 and Horner 1901) requires that the proceeds of the sale of said bonds shall be paid to the school trustees of the town or city "to enable them to erect or complete such building or buildings and pay such debt." Section three of said act was amended in 1875 (Acts 1875, p. 29). The section as amended (§5977 Burns 1901, §4490 R. S. 1881 and Horner 1901) provides for the levying and collection

annually of a special tax, sufficient to pay the interest and principal of said bonds as they fall due.

It has been held by this court that the bonds issued under section one of said act were not the obligations of the school city, but were the bonds of the civil city, and must be counted to ascertain whether the aggregate indebtedness of such civil city was in excess of the constitutional limit of two per cent. *Wilcoxon* v. *City of Bluffton,* 153 Ind. 267. It is evident that, whatever may have been the power, if any, of school cities and towns to borrow money before said act of 1873 took effect *(Wallis* v. *Johnson School Tp.,* 75 Ind. 368), after it took effect they had no such authority.

In 1879 the General Assembly passed an act supplemental to said act of 1873 (Acts 1879, p. 86). The title of the last-named act was the same as the title of said act of 1873, heretofore set out in this opinion, except that the same followed immediately after the words "An act supplemental to an act entitled." The first section of said act of 1879 (§5978 Burns 1901, §4491 R. S. 1881 and Horner 1901) provides: "That before the school trustee or trustees of any incorporated town or city in this State shall purchase any ground for school purposes, or enter into any contract for the building of any school building, or buildings, such school trustee or trustees shall file a statement with the trustees of such incorporated town or common council of such city, showing the necessity for such purchase of ground, or the erection of such building or buildings, together with an estimate of the cost of such ground or building, or buildings, and the amount of means necessary to be provided, to pay for such ground or building, or buildings; and such school trustee or trustees shall not purchase any ground, or enter into any contract for the building of any school building, or buildings, until such action be approved by the trustees of such incorporated town, or by the common council of such city: Provided, however, that there shall be nothing in this act so construed as to affect

any purchase of grounds, or contract made for the erection of any building, or buildings, for school purposes, prior to the taking effect of this act."

It will be observed that the statement required by said act of 1879 must contain substantially the same information as is required to be set forth in the report required by section one of the act of 1873 providing for the issuance of the bonds of the civil city. The act of 1879 was passed as supplemental to said bond act of 1873, and must therefore be read and construed in connection therewith, and as a part of section one thereof. So construed it is evident that the General Assembly, by passing said act of 1879, and making it supplemental to the act of 1873, intended that the board of trustees of the town, or the common council of the city, if consent was granted to purchase the ground or erect said buildings for school purposes, at the same time, and as a part thereof, should provide whatever means were necessary for that purpose by the issue and sale of bonds as provided by section one of the act of 1873 (§5975, *supra*). If the school town or city would not have on hand money available for that purpose sufficient to pay cash for said ground, or for the erection of such buildings when completed, the board of trustees of such town, or the common council of said city, would have no power to consent to the purchase of the ground or the erection of the building, unless it provided the means necessary for that purpose by an issuance and sale of bonds under section one of the act of 1873, and any consent given without making such provision would be void. If the board of trustees of the town, or the common council of the city, were unable to provide the means necessary for such purpose, on account of being indebted to or beyond the constitutional limit, or for any other reason, it would have no power to give consent to the purchase of the ground or erection of the buildings, and any consent given would confer no power on the school corporation.

It follows that in 1902, when this suit was brought, the school city of Goshen had no power to erect a building for school purposes, even if the common council consented thereto, unless the means necessary for that purpose had been provided by the common council, under §5975, *supra,* or the school city had, or would have, on hand money sufficient to pay for said building when completed, and which it had the right, under the law, to use for that purpose. The allegations of the complaint show that the city of Goshen had not made any provision under §5975, *supra,* to pay for said school building, and could not make any, because it was indebted beyond the constitutional limit, and that the school city did not have any money on hand which it had the right to use for that purpose, and would not have a sufficient sum to pay for the same until the expiration of ten or fifteen years. It is evident that the court erred in sustaining each of said demurrers.

Constitutional questions are argued by appellant, but the conclusion we have reached renders the decision thereof unnecessary.

Judgment reversed, with instruction to overrule the demurrer of each appellee, and for further proceedings not inconsistent with this opinion.