## AGAR v. PAGIN ET AL.

[No. 6,052. Filed November 27, 1906. Rehearing denied February 26, 1907.]

1. MUNICIPAL CORPORATIONS.—*Investigation of School City by Civil City.*—*Statutes.*—Section 3478 Burns 1905, Acts 1905, p. 219, §54, providing that "the common council of every city shall have power to supervise and investigate all departments, officers and employes of the government of such city, and to examine into any charge preferred against them or any of them," does not authorize a city council to investigate the acts of the city school trustees. pp. 570, 573.

2. STATUTES.—Construction.—Public Interest.—While a statute made in the public interest is to be liberally construed, it cannot be extended by judicial construction so as to include an intention not fairly within its purview.   p. 570.

3. MUNICIPAL CORPORATIONS.—Powers.—Municipal corporations have only the following powers:   (1) Those expressly granted, (2) those necessarily implied from those granted, and (3) those indispensably essential to the declared objects thereof.   p. 571.

4. SCHOOLS.—Cities.—The school city is a distinct corporation from the civil city, and is an agent of the State for the support and management of the public schools therein.   p. 571.

5. SAME.—Cities.—Trustees.—School trustees for cities are elected by the common councils of the respective cities; and they have charge of the schools in their respective political districts.   p. 571.

6. SAME. — Cities.—Trustees.—Reports.—Boards of Commissioners.—It is the duty of the school trustees of the various cities to report their financial doings annually to their respective boards of commissioners, whose duty requires them to examine and correct such reports, and if not adjusted, to cause an action to be instituted on such trustees' official bonds.   p. 572.

7. SAME.—Cities.—Schoolhouses.—The law provides a special procedure for the erection of schoolhouses by city school trustees.   p. 572.

8. SAME.—City Trustees.—Investigation of Acts of.—The board of commissioners, and not the city council, is the proper party to investigate alleged misdoings of the school trustees of a city.   p. 573.

From Porter Circuit Court; *Willis C. McMahan,* Judge.

Proceeding by Edgerton W. Agar against James R. Pagin and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*H. H. Loring,* for appellant.

*N. L. Agnew* and *William Johnston,* for appellees.

MYERS, J.—On June 19, 1905, appellant, as clerk of the finance committee of the common council of the city of Valparaiso, Indiana, made a duly verified report to the Porter Circuit Court, to the effect that the common council of said city, on June 9, 1905, had directed its finance committee to make an investigation into the expenditures of

money received by the treasurer of the board of school trustees of the school city of Valparaiso since August, 1890; that he, as the duly elected clerk of said committee, and upon the committee's order, issued subpoenas, signed by the members of said committee, and had the same duly served June 12, 1905, on appellees, treasurer and secretary, respectively, of said board of school trustees, to appear before said committee at the council-chamber in the city-hall of said city on June 14, 1905, at 2 o'clock p. m., and bring with them such books, papers and contracts in their possession, relative to, and that they testify concerning, the expenditures of school revenues by said board of school trustees; that the committee was in session at the time and place designated in said subpoenas, and the parties so notified refused to appear before said committee, and that it was necessary to have the testimony of said parties and said books and papers in order to make the investigation so ordered by the common council of said city; and further reporting that such board, since August, 1890, had received various amounts of money, proceeds from the sale of various bonds duly issued by said city for the purpose of constructing new school buildings recommended by said board, which buildings had been constructed, but at a greater cost than the contract price therefor, by reason of the payment for extra work and material used in the construction of said buildings; that in the investigation of this subject it was necessary to have the testimony, books and papers of said board relative thereto. Upon the facts so reported appellant asked that the court make an order requiring appellees to appear before said committee at a time to be fixed by the court, and testify and furnish the books and papers called for by said subpoenas, for the use of the committee in making such investigation. To the report so made to the court, appellees appeared and moved to dismiss the same, for the reason that there is no law authorizing such proceeding. The court, over appellant's objection and excep-

tion, sustained said motion and entered judgment dismissing the proceedings. From this ruling and judgment appellant appeals.

It is conceded that the investigation proceedings instituted by the common council is not based on any ordinance passed by that body, but is predicated wholly upon

1. an act of the General Assembly "concerning municipal corporations" approved March 6, 1905 (Acts 1905, p. 219, §54, §3478 Burns 1905). That part of the section. claimed to be applicable reads as follows: "The common council of every city shall have power to supervise and investigate all departments, officers and employes of the government of such city, and to examine into any charge preferred against them or any of them, and into the affairs of any corporation, firm or person in which the city may be interested, or with which it may have entered into a contract or may be about to do so." With this provision as a basis for sustaining this appeal, naturally two questions are presented: (1) Is a school trustee of a city an officer of the government of such city? (2) Is the school city a corporation in which the civil city is interested in the sense contemplated in said enactment? The affirmance of at least one of these questions is necessary in order to sustain appellant's contention. Appellant insists that by "a broad and liberal construction" of §3478, *supra,* the language used is sufficient to indicate a legislative intention to make school trustees officers of the government of the city, because of their duty relative to the government of schools. Conceding that the above provision deals with matters of interest to the general public, and therefore is entitled to a

2. liberal construction (*Board, etc.,* v. *Davis* [1894], 136 Ind. 503, 511, 22 L. R. A. 515), yet liberality in that regard does not extend to give courts authority, under the guise of judicial construction, to legislate into a statute a legislative intention or subject not fairly within its purview. The enactment in question only purports to

deal with matters concerning municipal corporations, in the sense in which the body corporate has reference to the administration and government of the local or internal affairs of the civil towns and cities as a subordinate branch in the system of state government.

In *Scott* v. *City of Laporte* (1904), 162 Ind. 34, 43, it is said: "Such a corporation can only exercise the following powers: (1) Those granted in express words; (2) those necessarily implied in or incident to the powers expressly granted; and (3) those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensible." The contention of appellant depends upon a warrant of power to be found in §3478, *supra*, authorizing the common council of the civil city to investigate the financial affairs of the school city, which is declared to be a distinct legal entity from that of the civil city. §5914 Burns 1901, §4438 R. S. 1881; *Scott* v. *City of Goshen* (1904), 162 Ind. 204; *State, ex rel.*, v. *Ogan* (1902), 159 Ind. 119. It is organized only for educational purposes. It is a creature of the legislature for a special object, entrusted with powers and charged with duties belonging to the State. *Wilcoxon* v. *City of Bluffton* (1899), 153 Ind. 267; *Travelers Ins. Co.* v. *Township of Oswego* (1893), 59 Fed. 58, 64, 7 C. C. A. 669; *Hamilton* v. *County of San Diego* (1895), 108 Cal. 273, 41 Pac. 305. It is an agent of the State, governed by established rules of procedure, for the support and management of her organized and constitutionally authorized general system of common schools, financed by legislative power as a separate department of state. Constitution, Art. 8, §1, *et seq.*

The legislature has provided the manner of electing officers for the various school corporations throughout the State. Such officers are statutory trustees entrusted with the management of the prudential affairs of their respective political districts. §5917 *et seq.*

Burns 1901; *Scott* v. *City of Goshen, supra; Maumee School Tp.* v. *School Town of Shirley City* (1902), 159 Ind. 423; *Board, etc.,* v. *Center Tp.* (1896), 143 Ind. 391; *State, ex rel.,* v. *Ogan, supra; School Town of Leesburgh* v. *Plain School Tp.* (1882), 86 Ind. 582; *School Tp. of Allen* v. *School Town of Macy* (1887), 109 Ind. 559. Considering the school city of Valparaiso, its management is confided to a school board consisting of three persons, elected by the common council of the civil city. §5915 Burns 1901, §4439 R. S. 1881; §5915 Burns 1905, Acts 1905, p. 437. This section of the statute also provides for the organization of such board by the election of one of its members president, one secretary and one treasurer, each of whom is required to give a separate bond, to the acceptance of the county auditor, conditioned as in ordinary official bonds. The bond of the treasurer shall be in a sum not less than double the amount of money which may come into his hands within one year by virtue of his office. The bond of the president and secretary, respectively, shall be in a sum not less than one-third of the treasurer's bond. See, also, §5916 Burns 1901, §4440 R. S. 1881.

By legislative action, provision has been made for a system of detailed, verified financial reports to the board of county commissioners, which board is charged with the duty of auditing such reports, and to allow the claimed credits only when such reports are found to be correct. It is further made the duty of said board of commissioners to cause suit to be instituted on the official bonds of such trustees, in case of a failure to discharge any duty required of them relative to schools and school revenues. §5917 Burns 1901, Acts 1883, p. 118.

Sections 5975, 5978 Burns 1901, §§4488, 4491 R. S. 1881, and §5915v Burns 1905, Acts 1903, p. 350, furnish the procedure, where bonds of a city or of a school corporation are to be issued for the purpose of raising money with which to buy grounds, build

school houses or make repairs on school buildings. Section 5976 Burns 1901, §4489 R. S. 1881, and §5915x Burns 1905, Acts 1903, p. 350, §3, require such trustees to file with the county auditor a bond, with security to be approved by such auditor, for the faithful and honest application of the money so to be paid to them, or of all moneys received by such trustees on account of the sale of any notes or bonds entrusted to them, for the purpose of raising funds with which to pay for any such improvements. By §§5926, 5979 Burns 1901, §§4447, 4492 R. S. 1881, the duty of such school trustees in regard to all surplus special school revenues is plainly set forth.

Having briefly noticed the duties and obligations resting on school boards and the purposes of the corporation they officer, we can but conclude that they are not "officers

1. and employes of the government of" a civil city.

Nor is a school corporation accountable to the common council of the civil city in the sense in which the word "corporation" is used in §3478, *supra,* for the reason, as we have seen, that it is engaged in carrying out the legislative will in the furtherance of the general system of common schools in this State as centralized, but apportioned into political divisions for the convenience of government. *State, ex rel.,* v. *Ogan, supra.* It is the official action of the corporation officers, and not the corporation, which the legislature has deemed a proper subject for investigation. Every enactment on the subject, whether in force or repealed, sustains this conclusion.

It will be observed that, while the legislature has made it the duty of the common council of the city of Valparaiso to elect the school trustees for such school city, it

8. has also by positive enactment made it the duty of such trustees to file their account current, duly verified, with the county commissioners, for verification, etc., and a copy thereof with the county superintendent. §5917, *supra.* Provision is therefore made for the investi-

gation of such trustees' official conduct, and by a body not a party to their election, and without embarrassment by reason thereof. Measuring the act under consideration by the test for corporate exercise of power furnished by the court in *Scott* v. *City of Laporte, supra,* the common council, acting alone, under §3478, *supra,* and the facts stated, is clearly without legislative sanction to compel such trustees to submit to the demanded investigation.

After a careful consideration of the questions presented by this appeal, we find no reason to interfere with the judgment of the lower court.

Judgment affirmed.