COMBS ET AL. *v.* CITY OF NEW ALBANY.

[No. 20,389. Filed July 15, 1966. Rehearing denied September 8, 1966. Transfer denied December 6, 1966.]

*Evan A. McLinn,* of New Albany, for appellants.

*Robert A. Kelso,* of New Albany, for appellees.

PRIME, J.—The Commissioner of Buildings of the City of New Albany, Indiana, issued an order against the appellants that certain buildings owned by them should be torn down and removed and general improvements be made to the surroundings.

The order was made pursuant to the authority set out by Burns' Indiana Statutes, Annotated, 1936 Replacement, Sections 48-6144 to 48-6149 (f) entitled: "An act concerning the wrecking and removal of certain buildings in certain cities."

Appellants did not comply with said order and after due notice and hearing, at which appellants appeared and were heard, the Board of Public Works and Safety affirmed the order.

As provided by statute the appellants took an appeal to the Floyd Circuit Court which court affirmed the decision of the board and ordered that all buildings located on the real estate in question be wrecked and removed.

Special findings of fact were made and conclusions of law were stated by the court.

A motion for a new trial was timely filed by appellants setting out (1) that the decision was not sustained by sufficient evidence and (2) that the decision was contrary to law.

The motion was overruled and is the error assigned. The grounds assigned as error are grouped and supported by one argument.

The argument advanced by appellants is that the buildings should be repaired rather than removed and that the order is not in accord with due process of law.

The issue thus presented here is whether or not the condition of the buildings required, in order to promote the general welfare, that they be wrecked and removed; whether any other remedy would be feasible; and whether or not the action of the Board was arbitrary, capricious, illegal, void, and an abuse of the police power.

It has never been denied that in the exercise of the police power, property rights may be sacrificed and privileges curtailed. Since public peace and well being are the object of government, any legislation which furthers these aims will not be defeated on the ground that it interferes with the rights of some of its citizens.

". . . The principle, that no person shall be deprived of life, liberty, or property, without due process of law, was embodied in substance, in the constitutions of nearly all, if not all, of the states at the time of the adoption of the fourteenth amendment; and it has never been regarded as incompatible with the principle, equally vital, because essential to the peace and safety of society, that all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community."

*Mugler* v. *Kansas* (1887), 123 U.S. 623, 8 Sup. Ct. 273; 31 L. Ed. 205. *State* v. *Richcreek* (1906), 167 Ind. 217, 77 N. E. 1085 and cases cited.

"Cities and towns have power to establish reasonable regulations for the protection of the lives, health, and property of their citizens, and to enforce compliance with such regulations by fixing penalities to be imposed upon violators of the regulations. This necessarily implies the power to require the citizen to so use his property as not to defeat such regulations and render them ineffective. Reasonable regulations are not unconstitutional merely because they affect the uses to which private property may be put. This is not a taking of private property. It is an exercise of the police power."

*Spitler* v. *Town of Munster* (1937), 214 Ind. 75, 14 N. E. 2d 579.

Appellants admit that the buildings are in a dilapidated condition, in a dangerous state of repair and are a fire hazard. The argument advanced is that the property could be remedied by repairs. At this point there seems to be some conflict in the evidence. The trial court heard the witnesses, examined the exhibits, observed the buildings and concluded that they should be removed.

It has long been established that the reviewing court will not substitute its opinion for that of the trial court on matters of evidence unless it is all one way and but one conclusion could be reached from the facts proved and that conclusion is adverse to the decision of the trial court.

In the case at bar, we find no unlawful invasion of the constitutional rights of the appellants. The Commissioner of Buildings made a fair inspection of the premises, the Safety Board conducted a hearing and the court granted a complete trial of the matter.

The conclusions of law are in harmony with the findings of fact and we cannot say that the judgment was not sustained by sufficient evidence or was contrary to law.

Finding no error, the judgment is affirmed.

Carson, Faulconer, and Wickens, J.J., concur.

NOTE.—Reported in 218 N. E. 2d 349.