THETA KAPPA, INC. *v*. CITY OF TERRE HAUTE ET AL.

[No. 20,622. Filed June 12, 1967. Rehearing denied July 11, 1967. Motion to dismiss overruled July 14, 1967. Transfer denied November 16, 1967.]

*Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, for appellant.

*Rosenfeld & Wolfe,* of Terre Haute, for appellees.

BIERLY, J.—This action was initiated by Petitioner-Appellant in the Superior Court of Vigo County, Number Two, against the Defendants-Appellees, by a Petition of Certiorari to review a decision of the Board of Zoning Appeals of the City of Terre Haute, in affirming and finding a determination by the Building Inspector of said city, charging that Petitioner-Appellant was violating the municipal zoning code of said city by using a residence building, situated in a dwelling house district of the said city, as a fraternity house.

The Writ of Certiorari was issued to said Board, which made its Return thereto by filing a complete transcript of all proceedings involved before the Board. The Petition for

the Writ and the said transcript composing the Return of the Board were submitted to the court with copies of the municipal ordinances pertaining thereto, which were submitted by way of supplemental evidence in a form of Admissions of Defendants-Appellees.

The issue presented for our determination in this appeal was whether the Superior Court of Vigo County, Number Two, has properly construed certain ordinances enacted in the City of Terre Haute, pertaining to the zoning of said city.

The pertinent ordinances are set forth as follows:

"1121.11 FAMILY—
" 'Family' means any number of individuals living and cooking together on the premises as a single housekeeping unit.

"1121.12 DWELLING—
" 'Dwelling' means a building arranged, intended or designed to be occupied by not more than two families living independently of each other and doing their own cooking upon the premises.

"1121.13 APARTMENT HOUSE—
" 'Apartment House' means a building arranged, intended or designed to be occupied by three or more families living independently of each other and doing their own cooking upon the premises, or by three or more individuals or groups of individuals living independently and having a common heating system and general dining room.

Under the Dwelling House and Apartment District Section:

"1129.01 DWELLING HOUSE DISTRICT—
"In a Dwelling House District, no building or premises shall be used, and no building shall be erected which is arranged, intended or designed to be used for other than one or more of the following specified uses:
"(a) Dwelling.
"(b) Church, school public library, public museum.
"(c) Community center building; private club, excepting a club the chief activity of which is a service customarily carried on as a business; philanthropic or eleemosynary institution other than a penal or

correctional institution; hospital or sanitarium other than for the insane or feeble-minded.

"(d) Public park, public playground, public recreation building, water supply reservoir, well, tower or filter bed.

"(e) Railway passenger station, railroad right of way, not including railway yards.

"(f) Farming, greenhouse for the propagation and growing of plants only, nursery, truck gardening."

"1131.02 BUSINESS DISTRICT—

"(a) In a Business District, no building or premises shall be used and no building shall be erected which is arranged, intended or designed to be used for other than a use authorized in a Dwelling House District, Apartment District or Restricted Business District or for one or more of the following specified uses:
. . .
(14) Fraternities, lodges and clubs.
. . . "

Appellant's building is located in the City of Terre Haute, in a Dwelling House District as defined in the Zoning Code, Sec. 1129.01.

The basis of the decision by the Building Inspector in his determination that the action of the fraternity was violative of the Zoning Code of said city was Ordinance, Section 1129.01 heretofore quoted at length. The Board of Zoning Appeals, and later the Superior Court of Vigo County, Number Two, affirmed the decision of the Building Inspector.

Rose Polytechnic Institute had sought and secured permission to espouse the cause of the Appellant—Theta Kappa, Inc., as amicus curiae.

Appellant, Theta Kappa, Inc., as well as the amicus curiae, assign as error the overruling by the trial court of their respective motions, both of which are identical, for a new trial. We recognize only the assignment of errors of Appellant, Theta Kappa, Inc., as a party to the proceedings.

Contained within said motions are nine (9) specifications, which are grouped together and argued as one (1) in the

argument portion of their brief. We, likewise, will group them and treat them as one (1) in this opinion.

Appellant bases its argument on two premises which it summarized in its brief as follows:

> "(a)  Individuals living and cooking together as a single housekeeping unit constitute a family in the Terre Haute Zoning Ordinance sense and the individuals do not lose such status merely because they happen to be members of a fraternity bound together by fraternal ties as distinct from commercial, professional or blood ties or affinity; and

> "(b)  The terms "fraternities, lodges and clubs" as used in Section 1131.02 (14) of the current version of the Zoning Code of Terre Haute contemplate the commercial or business type ventures undertaken by groups such as Elks, Shrine, K of C, etc., bound together by fraternal ties rather than the non-commercial residential or school type venture undertaken by groups such as the college fraternities bound together by fraternal ties."

Appellant points out that the term "club" as used in 1131.02 (14) is also used in 1129.01 (c) whereby allowance is provided for non-commercial clubs. Because of this difference, 1131.02 (14) pertains to commercial clubs only, and not to non-commercial clubs. However, just because the city council decided to make provision for commercial clubs versus non-commercial clubs, is no indication that the term "fraternities" was intended to mean commercial fraternities. In fact, it would seem that if the city council had wanted to make a distinction between commercial fraternities and non-commercial fraternities they would have done so, in the manner that they did for "clubs." The fact that this city is a "college town" with several institutions of higher learning should make them all the more cognizant that problems may arise in defining the term "fraternity." By failure to do so, we must assume the council intended what it has said, and that all types of fraternities should come within the definition.

Both appellant and appellee cite numerous cases, mostly from foreign jurisdiction, in attempting to substantiate the

relative positions of each respecting the controversy at issue in this appeal. That is, whether or not Theta Kappa, Inc., a collegiate fraternity, may occupy premises as a fraternity and chapter house in a Dwelling House District under the code.

In the interpretation of the code, appellant argues that a fraternity is a family, with the logical determination therefrom that the fraternity house is a Dwelling with a corollary that a fraternity house is authorized in a Dwelling House District.

Appellant cites the case of *Missionaries, etc.*, v. *Village of Whitefish Bay*, (1954), 267 Wis. 609, 66 N. W. 2d 627. This case is distinguished from the case at bar in that while the court overruled the Building Inspector who classified the appellant as a convent, permitted only in District 4, and held that missionaries lived together as a single housekeeping unit, as they carried on no business of a commercial nature on the premises for the public; that they were members of a "family," and the residence was not a convent; and may be located in District 2 zoned for single family residence, since appellant in the case at bar is admittedly a fraternity, thus is limited in its location to a business district. This case is not in point with the case at bar.

In the case of *Board of Zoning Appeals* v. *Wheaton* (1948), 118 Ind. App. 38, 76 N. E. 2d 597, the appellant claims support for its appeal. In that case the trial court held that the granting of a permit-for a variance-by the Board of Zoning Appeals was legal in all respects, except a modification be made that while a "grade school building may be erected and used as such provided no living quarters are maintained in connection therewith, the permission to construct said 'sister's' residence be denied," as this would violate the general ordinance as amended. In its opinion, the Appellate Court quoted with approval from an Oregon case, *Scott Co.* v. *Roman Catholic Archbishop, Diocese of Oregon* (1917), 83 Ore. 97, 163 Pac. 88, from which we quote a part, to wit:

"The only remaining question is whether a convent comes within the restriction. A nun may be briefly designated as a woman of a Catholic religion who lives in a convent under vows of poverty, chastity, and obedience. A convent is a house or building occupied by nuns. We are of the opinion that such a building may fairly be termed a residence or dwelling. It is a dwelling place for nuns.

. . .

"It is a matter of universal, and therefore judicial, knowlege, that associations of nuns, sisters of charity, and the like, are as much a part of the organization of the Catholic Church as its priesthood, and that convents are as much a part of its organization and church policy as church buildings. . . ."

In that case the court therefore reversed the trial court, with instructions to enter a judgment confirming the finding and decision of the Board of Zoning Appeals.

We are of the opinion that the *Wheaton* case, *supra,* fails to add any significant support to appellant's cause in the case at bar. Furthermore, appellant, in the case at bar, sought no variance from the Zoning Board, but instead urged that the code, by proper interpretation, entitles appellant to the relief sought.

Appellee cites various cases to wit: *City of Schenectady* v. *Alumni Ass'n. of Union Chapter* (1957), 168 N. Y. S. 2d 754, 5 A. D. 2d 14; *In Re Jennings' Estate* (1938), 198 Atl. 621, 330 Pa. 154; *Phi Kappa Iota Fraternity* v. *Salt Lake City* (1949), 212 P. 2d 177, 116 Ut. 536, and *Seeley* v. *Phi Sigma Delta House Corporation* (1928), 222 N. W. 180, 245 Mich. 252, as supporting the judgment of the trial court in the case at bar. In the last case above cited, the court admitted the college fraternity assumed some characteristics of the natural family relation, but that relation is artificial, and provides comfort and prestige for the membership, and that the fraternity resembles a club, boarding house, or apartment house rather than a family dwelling.

Further, appellee contends that a supporting case that a fraternity cannot be characterized as "family" is *Pettis* v.

*Alpha Alpha Chapter of Phi Beta Pi* (1927), 213 N. W. 835, 115 Neb. 525.

The case of *Phi Kappa Iota Fraternity, supra,* is analogous to the case at bar by defining a family as a group of individuals living together in a single housekeeping unit, with cooking on the premises a prerequisite. In that case, the ordinance in question allowed one and two family dwellings in residential "A" Districts, with the limitation on fraternities that they must be located within 600 ft. of the institution with which they were affiliated. The appeal of the fraternity was disallowed to come within residential District "A" as a family. The Chapter House was over 600' from the institution.

It appears basically clear that when a section of a code makes specific provision for fraternities under one section thereof, they will not be considered as a "family" under another section where provision is made for a more restricted use.

The court, in *City of Lincoln* v. *Logan-Jones* (1931), 235 N. W. 583, 120 Neb. 827, held that a fraternity is in violation of a zoning ordinance in locating in a residential district, and stated that:

"A Greek letter fraternity violates a zoning ordinance when it occupies and uses in an exclusive, residential district, a residence as a Chapter House. . . ."

It seems farfetched to assume that appellant could qualify as a family, since the code defines a "family" as where all members are, ". . . living and cooking together on the premises as a single housekeeping unit." According to appellant's brief, there were 59 members of Theta Kappa Chapter, with seven living in their parental homes, seven occupying dormitory facilities on the Rose Polytechnic campus, and seventeen living in rooming houses or apartments off the campus, and twenty-one living in a Chapter House other than the one involved in this appeal.

It is the claim of appellant that the Building Inspector discriminated against it, and hence such discrimination should be submitted to judicial review. In the case of *Combs* v. *City of New Albany, Floyd County,* (1966), 139 Ind. App. 641, 218 N. E. 2d 349, (Transfer Denied), the trial court affirmed the order of the Commissioner of Buildings directing the destruction of the appellant's building. In affirming the trial court, this court in its opinion said:

> "It has never been denied that in the exercise of the police power, property rights may be sacrificed and privileges curtailed. Since public peace and well being are the object of government, any legislation which furthers these aims will not be defeated on the ground that it interferes with the rights of some of its citizens."

Instead of the Zoning Board discriminating against the fraternity in barring it from a "Residential District," the owners of property within the Residential District would be discriminated against, were the fraternity permitted therein as the zoning ordinance now stands.

In any event, we are not at liberty to ignore the specific inclusion of the word "fraternities" in the Business District Ordinances. Were we to read distinctions into the word "fraternities," we would be, in a sense, legislating by judicial fiat, which is not a proper judicial function.

The result reached in this case does appear to be rather harsh, but the wisdom for enacting the ordinance is the function of the city's common council, and not a judicial function. It is its duty to express a sound, lawful public policy and our duty to abide by the decision. Thus, any relief which may be sought by appellant will have to flow from the legislative body and is not the proper function of a court. See *Board of Election Com'rs of Gibson County et al.* v. *State, ex rel. Sides* (1897), 148 Ind. 675, 48 N. E. 226, *Agar* v. *Pagin* (1907), 39 Ind. App. 567, 79 N. E. 379.

This court is mindful that in the field of higher education, fraternities and sororities have become and are an integral part of college and university life for many students. The various fraternities point with pride to many successful and illustrious men and women in business, in the professions, and in governments, who have brought renown and prestige to the respective fraternities and sororities in which they held membership.

In the case at bar, we are of the opinion that either a petition for variance, or an application to rezone the area in question, might be appropriate.

Thus, it is our opinion that a fraternity is specifically restriced to a Business District by the terms of the ordinance. As a result, the question of whether it could be considered a "family unit" must be answered in the negative.

In view of our affirmance of the trial courts' actions, it will not be necessary for a determination of the several cross-errors asserted by the appellee.

Having found no reversible error, we are of the opinion that the decision and judgment of the trial court should be affirmed.

Judgment affirmed.

Pfaff, C. J., concurs, Cook, J., concurs in result. Smith, J. concurs.

## ON MOTION TO DISMISS

BIERLY, J.—This court reassumes jurisdiction of the above entitled cause of action on appeal for the sole purpose of disposing of a "Motion Of Appellees To Dismiss Appellant's Petition for Rehearing," which motion, with accompanying brief, was filed on the 11th day of July, 1967.

In this motion appellees state that the decision of this court in this appeal was rendered June 12, 1967, that a Petition for

Rehearing was filed by appellant on June 27, 1967, and that the Petition for Rehearing was denied on July 11, 1967.

Appellees further state in said petition that on the 15th day of June, 1967, appellant executed a petition seeking a variance in respect to the real estate described in this appeal, which petition of variance was filed soon after by appellant with the Board of Zoning Appeals of the City of Terre Haute.

Appellees further charge that appellant's petition for a variance under Section 1123.01 of the Code is inconsistent with the position taken by the appellant in this appeal, citing *Anderson Lumber, etc., Co.* v. *Fletcher* (1950), 228 Ind. 383, 89 N. E. 2d 449, in support thereof, and thus justifying the granting of Appellee's Motion to Dismiss Appellant's Petition For Rehearing.

This court is not empowered to assume full jurisdiction of this appeal unless an order is entered recalling for further consideration it's denial of Appellant's Petition for Rehearing.

This we are not constrained to do.

Besides, appellees, in due course, finally filed their Briefs in Opposition to Appellant's Petition for Rehearing.

In *Anderson Lumber, etc., Co., supra,* all matters concerning the petition for variance and other related matters were before the Board of Zoning Appeals of the City of Indianapolis, and on appeal, also, before the Superior Court No. 1 of Marion County.

This court determined the appeal on its merit, and having rendered a decision in favor of appellees, and thereafter denied appellant's Petition for Rehearing, we are of the opinion that Appellees' Motion to Dismiss Appellant's Petition For Rehearing presents no juridical matters before this court, and therefore should be denied.

Appellees' Motion to Dismiss is hereby denied, and the Clerk of this court is hereby directed to place all pleadings

filed in connection herewith with the case on appeal in Cause #20622 in the office of the Clerk of this court.

Cook, J., Smith, J., concur.

NOTE.—Reported in 226 N. E. 2d 907. Supplementary Opinion reported in 228 N. E. 2d 34.