David BRANDMAIER, Sondra S. Brandmaier, Celebration Fireworks, Inc. and Celebration Fireworks, II, Inc., Appellants–Defendants,

v.

The METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUNTY, Appellee–Plaintiff.

No. 49A02–9806–CV–514.

Court of Appeals of Indiana.

May 26, 1999.

Rehearing Denied July 19, 1999.

John H. Brooke, Casey D. Cloyd, Brooke & Cloyd, Muncie, Indiana, Attorneys for Appellants.

Marguerite M. Sweeney, Assistant Corporation Counsel, Office of Corporation Counsel, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

BAKER, Judge

Appellants-defendants David Brandmaier, Sondra S. Brandmaier, Celebration Fireworks, Inc. and Celebration Fireworks, II, Inc. (collectively, Celebration) appeal from the trial court's grant of summary judgment in favor of appellee-plaintiff Metropolitan Development Commission of Marion County (the Commission), and its denial of Celebration's motion for summary judgment. Specifically, Celebration argues that the Marion County zoning ordinance in question is ambiguous in that it could allow fireworks sales in more than one type of zoned area. Thus, Celebration argues, the ordinance should be interpreted in its favor.

## FACTS

The facts are not in dispute. Celebration leased and occupied real estate at 2310 (a.k.a. 2318) Shelby Street in Indianapolis, Marion County, for fireworks sales in June and July, 1996 and 1997. The real estate is zoned C–3 under the Commercial Zoning Ordinance (CZO). The CZO lists fireworks sales as a permitted use in the less restrictively-zoned C–4 areas but does not list such sales as a permitted use in C–3 areas.

On June 24, 1997, the Commission filed a complaint, which it subsequently amended, seeking an injunction and fine against Celebration for violating the ordinance. Following denial of all material allegations set forth in the complaint, the Commission filed a motion for summary judgment on February 18, 1998. Celebration likewise filed a motion for summary judgment alleging that the interpretation of § 2.03 must be interpreted to permit fireworks sales. After a hearing on April 20, 1998, the trial court granted the Commission's motion, denied Celebration's motion, and entered final judgment for the Commission on May 4, 1998. Celebration now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

■ We note initially that in reviewing a grant of summary judgment, this court applies the same standard as the trial court. *Indiana State Teachers Ass'n v. Bd. of Sch. Com'rs of City of Indianapolis,* 693 N.E.2d 972, 973 (Ind.Ct.App.1998). We do not re-weigh the evidence, but consider the facts in the light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate only if the expressly designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Duneland Sch. Corp. v. Bailey,* 701 N.E.2d 878, 880 (Ind.Ct. App.1998). The trial court's grant of summary judgment is clothed with a presumption of validity, and Celebration bears the burden of proving that the trial court erred. *Bamberger & Feibleman v. Indianapolis Power*

*& Light Co.,* 665 N.E.2d 933, 936 (Ind.Ct. App.1996).

### II. Celebration's Claim

■ Celebration contends that the relevant ordinance of the CZO is ambiguous and should be interpreted in its favor. Specifically, it argues that fireworks sales could fall into the language of the more restrictive C–3 classification, as well as into the C–4 classification. It further maintains that because zoning ordinances inhibit the use of real property and are in derogation of the common law, they must be strictly construed. Appellant's brief at 12. Celebration also contends that language in the ordinance governing C–3 zones permits seasonal sales and retail sales "similar to" the sale of fireworks and that the ordinance can thus be interpreted to permit the sale of fireworks in C–3 zones. Appellant's brief at 11.

■ We note that one long-standing rule of statutory construction is that expressed in the principle *expressio unius est exclusio alterius,* which means that the enumeration of certain things in a statute necessarily implies the exclusion of all others. *See Memorial Hospital v. Szuba,* 705 N.E.2d 519, 523 (Ind.Ct.App.1999). This principle is particularly appropriate where the same term is present in certain portions of the same enactment, but not in other portions. *See id.* (citing *Skrzypczak v. State Farm Mut. Auto. Ins. Co.,* 668 N.E.2d 291, 295 (Ind.Ct.App. 1996) (noting the rule of statutory construction that an Act's statutes are read as a whole when attempting to ascertain legislative intent)).

In support of its position, Celebration relies in part on the statement of purpose of this section, which provides:

[C–3] is designed to permit the development of a complete range of retail sales and personal, professional and business services required to meet the maximum demand of a fully developed residential neighborhood, regardless of its size. Examples of such types of uses include neighborhood shopping centers, sales of retail convenience or durable goods, shopping establishments, retail and personal and professional service establishments. There is

no provision for those businesses that draw customers in significant numbers from well beyond a neighborhood boundary and are, therefore, unusually heavy traffic generators, such as theaters. It does not allow those businesses that require the outdoor display, sale, or storage of merchandise; require outdoor operations; or permit outdoor service and consumption of food and beverages. In general, to achieve maximum flexibility of permitted land use, the C–3 District makes possible a highly varied grouping of indoor retail and business functions.

Celebration points out that its sales are seasonal and temporary, that they do not involve outdoor displays, and that the prefatory language of § 2.03 is ambiguous enough to include fireworks sales. We note, however, that although the list of permitted uses in C–3 zones includes temporary and seasonal retail sales, § 2.03 does not specifically list fireworks sales among permitted uses. Supp. R. at 136. On the other hand, CZO § 2.04 specifically lists fireworks sales as a permitted use in areas zoned C–4. Supp. Record at 141.

This court has recognized that, where an ordinance specifically lists a use in one category but not another, that use will be assumed a permitted use only in the category where it is mentioned. *See Metro. Dev. Comm'n of Marion County v. The Villages, Inc.,* 464 N.E.2d 367, 369 (Ind.Ct.App.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) (a specific provision for foster care as an accessory use necessarily excludes foster care from the general section of the Dwelling Districts Zoning Ordinance authorizing single-family dwellings); *Theta Kappa, Inc. v. City of Terre Haute,* 141 Ind.App. 165, 172, 226 N.E.2d 907, 911 (1967) (where fraternities are specifically mentioned under one section of an ordinance, they will not be considered as "families" under a provision regarding areas intended for more restrictive use).

In the instant case, C–3 zones are undisputedly more restrictive than C–4 zones. Only the provision for C–4 zones mentions the sale of fireworks. In construing the relevant ordinance provisions, we conclude

that case law and the principle *expressio unius est exclusio alterius* must necessarily support the view taken by the Commission and by the trial court, namely, that the sale of fireworks is not permitted in C–3 zones, such as the zone in which Celebration operated. Thus, the trial court did not err in granting summary judgment in favor of the Commission.

Judgment affirmed.

RUCKER, J., and BROOK, J., concur.