**SOUTH RIPLEY COMMUNITY SCHOOL CORPORATION, Defendant-Appellant,**

v.

**Thomas PETERS, Charles H. Peters, and Martha L. Peters, Plaintiffs-Appellees,**

and

**Powermatic-Houdaille, Inc., Defendant-Appellee.**

**No. 1–1278A359.**

Court of Appeals of Indiana, First District.

Nov. 13, 1979.

Edward J. Utz, Cincinnati, Ohio, John L. Kellerman, Batesville, for defendant-appellant.

Droder & Miller Co., L.P.A., A. Dennis Miller, Cincinnati, Ohio, Cooper, Cox & Jacobs, Charles W. Cooper, Madison, Cline, King & Beck, Leon D. Cline, Columbus, for plaintiffs-appellees.

LOWDERMILK, Presiding Judge.

### STATEMENT OF THE CASE

Defendant-appellant South Ripley Community School Corporation (the School) brings this appeal challenging a judgment entered by the Jefferson Circuit Court in favor of plaintiffs-appellees Thomas Peters (Peters), Charles H. Peters, and Martha L. Peters after Thomas Peters was injured while working in the industrial arts classroom during his study period.

## FACTS

Fourteen-year-old Thomas Peters, a ninth grade student in the industrial arts class at South Ripley High School, went to the industrial arts classroom on February 9, 1976, during his study period so that he could cut pieces of wood which his instructor intended to use in a seventh-grade class later in the day.

While Peters and another student were cutting the wood, the shop instructor was supervising a drafting class in an adjacent room which was separated from the shop by a glass partition. The 10-inch circular saw which Peters was using was equipped with guards, one of which was broken. Peters had cut three or four blocks when the blade became stuck in the wood. Without turning off the saw, Peters reached too near the blade and suffered the loss of four fingers.

Suit was filed against the manufacturer of the saw and against the School. The jury found in favor of the manufacturer but found against the School. Judgment was entered in favor of Thomas Peters for $75,000.00 and in favor of his parents for $25,000.00.

## ISSUES

1. Did the trial court err in reading Peters' instructions numbered twelve and thirteen, which included portions of IC 1971, 20–8.1–4–24 and 26 and 28 (Burns Code Ed.)?

2. Did the trial court err in rejecting the School's instruction number four?

## DISCUSSION AND DECISION

*Issue One*

The School argues that the trial court erred when it read to the jury Peters' instructions numbered twelve and thirteen. At trial the School objected to these instructions solely because the instructions include portions of statutes which, the School contended, have no application "to schools or other training situations."

Instruction number twelve includes this portion of IC 20–8.1–4–24:

"No child who is less than seventeen [17] years of age shall be employed, permitted or suffered to work in any capacity in any of the following occupations: . . . operating circular or band saws; * * "

The instruction also sets forth IC 20–8.1–4–26:

"Nothing in this chapter . . . shall prevent any student from working on a properly guarded machine in the training department of any school when an instructor provides personal supervision."

Instruction number thirteen includes this portion of IC 20–8.1–4–28:

"In all actions for damages for personal injuries by a child or by his parent because of the child's being employed, retained in employment, required or permitted to work in violation of any provision of this chapter . . ., the employer may not defend on the ground that the child had assumed any risk . . ., or that the injury was due to . . . the contributory negligence of the child involved. In any action under this section, it shall be sufficient to allege and prove that the child was . . ., required or permitted to work in violation of any provision of this chapter and that the injury arose . . . out of the performance of this work."

This instruction concludes as follows:

"[I]f you find that the defendant school corporation permitted one of its pupils, Thomas Peters, a minor under the age of seventeen (17) years, to use one of its circular saws which was not properly guarded or when an instructor was not providing personal supervision, then the school corporation cannot defeat a recovery by Thomas Peters on the grounds that he assumed the risk of his injuries or he was guilty of contributory negligence."

Essentially, the School maintains that the trial court, by reading instructions twelve and thirteen, erroneously denied the School

its affirmative defenses of assumption of risk [1] and contributory negligence.

■ We would be persuaded by the School's argument that Chapter 4 of Article 8.1, Title 20, has no application to the school situation but for the inclusion of Section 26, which provides that the chapter shall not "prevent any student from working on a properly guarded machine in the training department of any school when an instructor provides personal supervision." Furthermore, the Legislature could simply have provided that nothing in the chapter was intended to prevent any student from working on a machine in a training department of any school; instead, the Legislature limited the exclusion provided in Section 26 to students working on *properly guarded* machines when instructors provide *personal supervision.* We conclude, therefore, that the trial court correctly construed Section 26 to mean that Chapter 4 does apply if the evidence proves either that the machine was not properly guarded or that personal supervision was not provided.

The School quotes from Justice DeBruler's opinion in *Miller v. Griesel,* (1974) 261 Ind. 604, 612, 308 N.E.2d 701:

"It should be emphasized here, however, that schools are not intended to be insurers of the safety of their pupils, nor are they strictly liable for any injuries that may occur to them. The duty imposed by this legal relationship is a practical recognition by the law that school officials are required to exercise due care in the supervision of their pupils; * * "

Although the School omits it, we find that the remainder of the paragraph is pertinent also.

" * * * that while they are neither an insurer of safety nor are they immune from liability. It is not a harsh burden to require school authorities in some instances to anticipate and guard against con-

duct of children by which they may harm themselves or others. 38 A.L.R.3d 830."

We emphasize that our holding in this case does not make a school the insurer of the safety of students. A plaintiff must first prove that a school provided the student with a machine that was not properly guarded or that a school failed to furnish personal supervision.

We have high praise for the vocational training programs offered by the schools in this state. Such programs, however, frequently expose young persons to dangers which they otherwise would not encounter in the school setting. Our child labor laws unquestionably are intended to prevent exposure of a young person to such dangers in the employment situation; it is not unreasonable to require that, in the school setting, the dangers be minimized by means of guarded machinery and personal supervision. We repeat Justice DeBruler's statement: "It is not a harsh burden to require school authorities in some instances to anticipate and guard against conduct of children by which they may harm themselves or others." Neither is it unduly harsh to deny a school certain defenses if the trier of fact determines that the school has failed to fulfill its initial vital responsibility when danger of such magnitude is involved.

The School has not demonstrated error in the reading of the instructions.[2]

*Issue Two*

The School argues that the trial court erred when it refused to read the School's instruction number four.

■ Error cannot be predicated upon the trial court's refusal to give a tendered instruction if the subject matter is adequately covered by other instructions. *Frankfort v. Owens,* (1976) Ind.App., 358 N.E.2d 184; *Link v. Sun Oil Co.,* (1974) 160 Ind.App. 310, 312 N.E.2d 126. The tendered instruction was covered in substance by instructions

---

1. The parties have not mentioned the distinction, but we would emphasize that "assumed risk" and "incurred risk" are not interchangeable terms. *See Stallings v. Dick,* (1965) 139 Ind.App. 118, 210 N.E.2d 82.

2. Other arguments which the School offers for Issue One in its brief were not encompassed within the objection made at trial and therefore cannot be considered on appeal.

numbered nine, ten, fourteen, fifteen, and sixteen. The trial court did not err.

Judgment affirmed.

ROBERTSON and NEAL, JJ., concur.