**DUNELAND SCHOOL CORP. and Robert Henderson, Appellants–Defendants,**

v.

**Aaron BAILEY, Appellee–Plaintiff.**

No. 64A04–9805–CV–260.

Court of Appeals of Indiana.

Nov. 17, 1998.

Richard P. Long, Johnson & Bell, Highland, for Appellants–Defendants.

Gregory J. Sarkisian, Sarkisian & Fleming, Portage, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellants Duneland School Corporation and Robert Henderson (hereinafter collectively referred to as "Duneland") bring this interlocutory appeal after the trial court granted partial summary judgment against Duneland for negligence based on statutory violation.

We reverse.

### ISSUES

Duneland presents four issues for our review, which we consolidate and restate as:

1. Whether the trial court erred in finding that Duneland violated Ind.Code § 20–8.1–4–26 by allowing student Aaron Bailey to work without personal supervision on a machine that was not properly guarded.

2. Whether the trial court erred in finding Duneland negligent based on its violation of Ind.Code § 20–8.1–4–26.

### FACTS AND PROCEDURAL HISTORY

On May 12, 1993, plaintiff Aaron Bailey ("Bailey") severed two of his fingers while working with a table saw in his industrial arts class as a freshman at Chesterton High School in the Duneland School Corporation. On the date of the accident, Bailey was working on the construction of a cabinet. He was making lap joints, or cross joints, for the cabinet doors. The machine required for his task was a Powermatic table saw with the table saw blade removed and a "dado" blade set up.[1] Before Bailey began cutting, instructor Robert Henderson ("Henderson"), who testified that he had been teaching for

---

1. Dados are u-shaped channels which go through a piece of stock. Appellant's Brief at 3.

thirty-five years, explained how the cutting was done and demonstrated on the first two boards. Henderson then watched Bailey make a successful cut, then he moved away to assist other students. Bailey had made several additional successful cuts when his hand caught in the blade, severing two of his fingers. Henderson testified that he was less than five feet away when he heard an abnormal sound, spun around quickly, and realized that Bailey was in trouble.

The table saw had been purchased with an overarm guard which was on the saw but not over the blade at the time of the accident. Henderson testified that in his opinion the overarm guard could not be used safely when making the type of cut Bailey was making when he was injured. Bailey presented evidence that alternative safety devices were commercially available at the time of the accident.

## DISCUSSION AND DECISION
### Standard of Review

■■■ Summary judgment is appropriate only when *no genuine controversy exists.* *Town of Montezuma v. Downs,* 685 N.E.2d 108, 111 (Ind.Ct.App.1997), *trans. denied.* In reviewing the propriety of summary judgment, this court applies the same standard as the trial court. *Id.* The party seeking summary judgment has the initial burden of demonstrating that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law. *Id.* Once the movant presents pleadings, depositions, answers to interrogatories, admissions or affidavits showing he or she is entitled to summary judgment, the non-movant cannot rest on his pleadings, but must set forth specific facts establishing a genuine issue of material fact. *Id.* A failure to establish a disputed issue of material fact will result in the grant of summary judgment provided the movant is entitled to judgment as a matter of law. *Id.* at 111–12.

### I. *Ind.Code § 20–8.1–4–26*

Indiana Code § 20–8.1–4–26 states:
Sec. 26. Hazardous Occupations; Exception; Certain Instruction. Nothing in this chapter shall prevent any student from working on a properly guarded machine in the training department of any school when an instructor provides personal supervision.

In *South Ripley Community School Corp. v. Peters,* we emphasized that Ind.Code § 20–8.1–4–26 specifically requires that students working with machinery in their school training departments be *personally supervised* and that the machine be *properly guarded:*

"[T]he Legislature could simply have provided that nothing in the chapter was intended to prevent any student from working on a machine in a training department of any school; instead, the Legislature limited the exclusion provided in section 26 to students working on Properly guarded machines when *instructors* provide Personal supervision."

396 N.E.2d 144, 146 (Ind.Ct.App.1979). We concluded that to establish a school's liability under this section, a plaintiff must first prove that a school provided the student with a machine that was not properly guarded or that a school failed to furnish personal supervision. *Id.*

In the present case, we are called to elaborate on our holding in *South Ripley* by interpreting the phrases "personal supervision" and "properly guarded." Bailey contends that personal supervision means one-on-one supervision. In addition, Bailey argues that properly guarded means with included guards and/or available alternative guards engaged at the time the tool is used. Duneland, on the other hand, argues that the personal supervision requirement is satisfied by the teacher's presence in the classroom in his capacity as instructor to the entire class, and that properly guarded means equipped with a guard for use in appropriate circumstances (which could mean not engaging the guard in some situations.)

■■■ When construing a statute, the legislature's definition of a word binds us. *Skrzypczak v. State Farm Mutual Automobile Insurance Company,* 668 N.E.2d 291, 295 (Ind.Ct.App.1996). When the legislature has not defined a word, we give the word its common and ordinary meaning. *Id.* In order

to determine the plain and ordinary meaning of a word, courts may properly consult English language dictionaries. *Ashlin Transportation Services, Inc. v. Indiana Unemployment Insurance Board*, 637 N.E.2d 162, 167 (Ind.Ct.App.1994).

*Webster's Third New International Dictionary* defines "personal" in pertinent part as "1: of or relating to a particular person; affecting one individual or each of many individuals; peculiar or proper to private concerns; not public or general"; "2 a: done in person without the intervention of another; direct from one person to another"; "2 c: carried on between individuals directly"; and "6: exclusively for a given individual."

The emphasis on the individual and interactions between individuals supports Bailey's interpretation of Section 26 as requiring one-on-one supervision. However, we must also look to the purpose of the statute in determining its meaning. We are compelled to ascertain and execute legislative intent and to interpret the statute in such a manner as to prevent absurdity and hardship and to favor public convenience. *Indiana State Teachers Association v. Board of School Commissioners of the City of Indianapolis*, 693 N.E.2d 972 (Ind.Ct.App.1998). In so doing, we are required to keep in mind the objects and purposes of the law as well as the effect and repercussions of such a construction. *Id.*

Turning again to the statute in the present case, we first observe that it is not a safety statute per se, but rather is an exception to the child labor laws. Duneland argues persuasively that this indicates the legislature's intent to support and promote industrial arts classes in our schools. Requiring that an instructor provide one-on-one supervision in all instances where a student is using machinery would undermine that intent, as it would be impractical to schedule classes of students who would then have to sit idly by while their teacher worked individually with each of their classmates in turn. While it is true that the statute requires that steps be taken to ensure students' safety, it would create an absurd result to require those steps to be such that they would severely diminish the val-

ue—or even the existence—of industrial arts classes altogether. Rather, we find that it becomes a question of reasonableness, based on the facts of each case: what degree of personal supervision is reasonably required under the circumstances of the case? There will undoubtedly be instances in which one-on-one supervision is a reasonable requirement, but that is a question for the factfinder, and as such is inappropriate for summary judgment.

The issue of whether the machine was properly guarded is likewise a question of fact. *Webster's* defines "properly" as "suitably, fitly, rightly, correctly." However, as the evidence in this case demonstrates, experts can have differing opinions as to what guard is suitable and correct (i.e., what constitutes a "properly guarded" machine) for a given operation. Testimony indicates that it depends on considerations such as the type of machine and the function for which it is being used. Such considerations and the evidence pertinent thereto are issues to be considered and weighed by the trier of fact, not decided by summary judgment.

## II. *Negligence*

Under Indiana law, an unexcused or unjustified violation of a duty dictated by statute is negligence per se. *Montezuma*, 685 N.E.2d at 112. Before determining that the violation of a statute constitutes negligence, however, the court must scrutinize the statute and consider the purpose of the enactment, the persons whom it was intended to protect and the injuries which it was intended to prevent. *Id.* (citations omitted).

In *South Ripley*, this court affirmed that I.C. 20–8.1–4–26 was intended to protect students in vocational training programs by limiting their exposure to the dangers inherent in machine use. "[I]t is not unreasonable to require that, in the school setting, the dangers be minimized by means of guarded machinery and personal supervision." 396 N.E.2d at 146.

Having decided, however, that the issues of personal supervision and properly guarded machinery are to be decided by the

trier of fact, we now find that the question of whether Duneland was negligent must be reconsidered and review of that issue is therefore premature at this time.

## CONCLUSION

The requirement of personal supervision and properly guarded machinery in industrial arts classes, codified in Ind.Code § 20–8.1–4–26, presents genuine issues of material fact to be considered under the circumstances of each case. Summary judgment is therefore inappropriate. Furthermore, a determination of negligence must wait until the prior factual issues are decided.

Reversed.

GARRARD and RUCKER, JJ., concur.